## 36529. IN THE INTEREST OF J. J. S.

JORDAN, Presiding Justice.

J. J. S. appeals the order of the Banks County Juvenile Court transferring him to the Banks County Superior Court for prosecution for the crime of murder. We affirm.

1. Code Ann. § 24A-2501, as presently enacted, authorizes a juvenile court to transfer a juvenile to superior court if the former court finds reasonable grounds to believe, inter alia, that "the interests of the child and the community require the child be placed

under legal restraint..." Ga. Laws 1978, pp. 1758, 1759. The appellant argues that this Code Section violates substantive due process under the Fourteenth Amendment of the U. S. Constitution.

Code Ann. § 24A-2501, as originally enacted, authorized a juvenile court to transfer a juvenile to superior court if the juvenile court found reasonable grounds to believe, inter alia, that "(ii) the child is not amenable to treatment or rehabilitation through available facilities, . . . and (iv) the interests of the community require that the child be placed under legal restraint..." Ga. Laws 1971, pp. 709, 737.

Appellant argues that removal of the question of amenability to treatment or rehabilitation in the present statute destroys substantive due process. We do not agree.

We hold that Code Ann. § 24A-2501, as presently enacted, subsumes the juvenile's amenability to treatment within the concept, "the interest of the child," and authorizes a juvenile court to transfer to the superior court a juvenile who is amenable to treatment if the juvenile court finds that the amenability factor is outweighed by the interests of the community in processing the child as an adult.

Regarding the constitutionality of this statutory scheme, we note that "[T]reatment as a juvenile is not an inherent right but one granted by the state legislature, therefore, the legislature may restrict or qualify that right as it sees fit, as long as no arbitrary or discriminatory classification is involved." Woodard v. Wainwright, 556 F2d 781, at 785 (5th Cir. 1977).

We conclude that Code Ann. § 24A-2501, as presently enacted, is reasonable and therefore does not violate substantive due process under the Fourteenth Amendment.

2. Appellant argues that, under the facts of the present case, the juvenile court abused its statutory discretion in ordering the transfer of J. J. S. to the Superior Court of Banks County for trial as an adult.

Although a psychiatrist did testify that incarceration in a penal institution would not be in the best interest of the appellant, the record establishes reasonable grounds for the juvenile court's findings that the appellant shot an adult male four times because said male owed appellant money, and that the appellant attempted to hide his victim's body in a lake. Further, both the juvenile court social worker assigned to the appellant's case and the principal of the appellant's public school testified that, in their opinions, it was in the best interest of the community to transfer the defendant to the superior court.

Under all the facts of this case we hold that the Banks County Juvenile Court did not abuse its discretion in transferring the appellant to the Banks County Superior Court for prosecution as an

adult for the crime of murder. See, Stokes v. Fair, 581 F2d 287 (1st Cir.) (1978).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED OCTOBER 17, 1980 — REHEARING DENIED NOVEMBER 5, 1980.

*Stan Durden,* for appellant.

*Nat Hancock, District Attorney, Tim Madison, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.