256 Ga. 681 (1987)
353 S.E.2d 175
IN RE E. W.
43652.
Supreme Court of Georgia.
Decided February 24, 1987.
Lee Payne, for appellant.
John M. Ott, District Attorney, Michael J. Bowers, Attorney General, J. Ellis Millsaps, for appellee.
BELL, Justice.
This is an appeal from an order of the Juvenile Court of Newton County, transferring a case from that court to superior court pursuant to OCGA § 15-11-39. Appellant, a sixteen-year-old, is accused of murder, armed robbery, and carrying a pistol without a license. We affirm in part, and vacate in part and remand for further proceedings.[1]
1. Appellant contends that the state did not meet its burden under OCGA § 15-11-39 (a) (3) (B) to show that there are reasonable grounds to believe that the appellant is not committable in an institution for the mentally ill. We disagree. At the transfer hearing a psychiatrist who had examined the appellant testified that although he had exhibited antisocial behavior and had made attempts at suicide, his suicide attempts were manipulative and he was not imminently suicidal; he did not have a psychotic illness; he did not need to be hospitalized; he knew right from wrong at the time of the crime; he was not clinically depressed; he was responsible for his behavior; and he could aid his attorney in his defense. Based on this testimony, we find that the juvenile court acted within its discretion in finding that there are reasonable grounds to believe that the appellant is not committable to an institution for the mentally ill.
2. Appellant also contends that the state has failed to show reasonable grounds for the transfer, in that it has not shown that appellant is not amenable to rehabilitation. Because the order of the juvenile court lacks any indication that the court addressed this issue, we vacate the judgment of the juvenile court in part and remand for specific *682 findings on this matter.
Former Georgia Code Annotated § 24A-2501 (a) (3) (ii) required the juvenile court to make a determination that there were reasonable grounds to believe that the child was not amenable to treatment or rehabilitation through available facilities. Former Subsection (a) (3) (ii) was deleted by 1978 Ga. Laws, p. 1758. However, we have held that the transfer statute continues to subsume "the juvenile's amenability to treatment within the concept, `the interest of the child,'[2] and authorizes a juvenile court to transfer to the superior court a juvenile who is amenable to treatment if the juvenile court finds that the amenability factor is outweighed by the interests of the community in processing the child as an adult." In the Interest of J. J. S., 246 Ga. 617, 618 (1) (272 SE2d 294) (1980). Hence, there has been preserved the requirement that the state carry the burden of showing that the child is not amenable to treatment or rehabilitation. See, e.g., D. T. R. v. State of Ga., 174 Ga. App. 695 (331 SE2d 70) (1985).
In order for an appellate court to determine if the state has carried this burden, "there must be evidence in the record for consideration in the appellate court. The transfer order must realistically reflect why the child is not amenable to treatment as a juvenile. Such decision must be based on evidence and the basis for it clearly reflected in the transfer order itself. C. L. A. v. State, 137 Ga. App. 511 (224 SE2d 491). The juvenile court does not abuse its discretion where there is evidence in support of the transfer. In the Interest of J. J. S., 246 Ga. 617 (272 SE2d 294)." D. T. R. v. State of Ga., supra, 174 Ga. App. at 697.
In the instant case the juvenile court's finding is too general to sustain, since it does not reflect why the child is not amenable to treatment as a juvenile. The juvenile court judge found that "the interests of the child [and] the community require that the child be placed under legal restraint," but the court did not make a specific finding balancing the amenability factor against the interest of the community. See In the Interest of J. J. S., supra, 246 Ga. We hold that because the court's finding lacks any indication that the court in fact performed the requisite balancing test, the finding is therefore insufficient to enable this court to determine whether the juvenile court fulfilled its statutory duty to exercise its discretion in ruling on the § 15-11-39 (a) (e) (C) ground.
The state concedes that it was error to fail to include in the transfer order a clear finding that the appellant is not amenable to rehabilitative treatment, but argues that the error is harmless because *683 there is "abundant" evidence to support such a finding. However, the state misperceives the role of the appellate court in reviewing transfer orders. Under OCGA § 15-11-39 it is the duty of the juvenile court to determine whether there are reasonable grounds to believe that the criteria enumerated and subsumed by Subsection (a), Par. (3), have been established. The function of the appellate court is limited to ascertaining whether there was some evidence to support the juvenile court's determination. "Determinations of a juvenile court made on an exercise of discretion, if based upon evidence, will not be controlled by this court." In the Interest of L. L., 165 Ga. App. 49, 50 (299 SE2d 53) (1983). If the juvenile court has failed to exercise its discretion as to one of the Subsection (a), Par. (3), criteria, or if the appellate court is unable to ascertain whether the juvenile court has exercised its discretion, the appropriate course for the appellate court is not to perform a de novo review of the evidence in the guise of a harmless error analysis, but instead is to vacate the judgment and remand the case to the juvenile court for further proceedings consistent with its statutory duty.
Accordingly, we hereby vacate the court's finding that there are reasonable grounds to believe that the appellant should be placed under legal restraint, and remand this case to the juvenile court for the entry of specific findings and conclusions balancing the amenability factor against the interests of the community in processing the child as an adult.[3]
Judgment affirmed in part, and vacated in part and remanded with direction. All the Justices concur.
NOTES
[1] The alleged offenses occurred on April 11, 1986, Summons and process were issued on April 14, 1986. On April 15 the district attorney moved to transfer the case to superior court. On May 2, 1986, the juvenile court held a hearing on the motion, and ordered the case transferred to superior court. The notice of appeal was filed on May 8, 1986, and on May 21, 1986, the court reporter certified the transcript. On June 27, 1986, the appeal was docketed in the Court of Appeals, which transferred the appeal to us on the ground that it is an appeal in a murder case. See State v. Thornton, 253 Ga. 524 (322 SE2d 711) (1984). On August 15, 1986, the appeal was submitted for decision on briefs.
[2] The concept is part of present Subsection (a) (3) (C), which requires the juvenile court to determine whether there are reasonable grounds to believe that the "interests of the child and the community require that the child be placed under legal restraint . . . ."
[3] The juvenile court may conduct, if it wishes, a supplemental evidentiary hearing on this issue. See L. K. F. v. State of Ga., 173 Ga. App. 770 (328 SE2d 394) (1985).