73436. IN THE INTEREST OF H. W. A.
(354 SE2d 884)

CARLEY, Judge.

A delinquency petition was filed in the Juvenile Court of Gwinnett County, alleging that the sixteen-year-old appellant had committed the criminal offense of first degree vehicular homicide. Pursuant to OCGA § 15-11-39, the juvenile court conducted a hearing and thereafter determined that the offense should be transferred for prosecution to the Superior Court of Gwinnett County. Appellant appeals from this transferal order. See generally *J. T. M. v. State of Ga.*, 142

Ga. App. 635, 636 (1) (236 SE2d 764) (1977).

1. Appellant asserts that the transferral order is erroneous because the juvenile court failed specifically to find "that there were reasonable grounds to believe that appellant was not amenable to treatment or rehabilitation through available facilities."

Former Code Ann. § 24A-2501 (a) (3), as originally enacted, did provide that the juvenile court must find "that there are reasonable grounds to believe that . . . (ii) the child is not amenable to treatment or rehabilitation through available facilities. . . ." Ga. L. 1971, pp. 709, 737. In 1978, the statute was amended to delete the "non-amenability" of a juvenile to treatment or rehabilitation as a specific and separate factor entering into the decision to transfer. Ga. L. 1978, p. 1758. The relevant statutory provision now provides only that the juvenile court must, in its discretion, determine whether there are reasonable grounds to believe that: "The interests of the child and the community require that the child be placed under legal restraint and the transfer be made. . . ." OCGA § 15-11-39 (a) (3) (C). However, our Supreme Court has "preserved the requirement that the state carry the burden of showing that the child is not amenable to treatment or rehabilitation. [Cit.] In order for an appellate court to determine if the state has carried this burden, 'there must be evidence in the record for consideration in the appellate court. The transfer order must realistically reflect why the child is not amenable to treatment as a juvenile. Such decision must be based on evidence and the basis for it clearly reflected in the transfer order itself. . . . [Cit.]' [Cit.] In the instant case the juvenile court's finding is too general to sustain, since it does not reflect why the child is not amenable to treatment as a juvenile." *In re E. W.*, 256 Ga. 681, 682 (353 SE2d 175) (1987).

2. Appellant's remaining enumeration of error is the following: "The Juvenile Court of Gwinnett County abused its discretion in allowing an alleged accomplice to testify against appellant on direct examination and then allowed the alleged accomplice to selectively plead the Fifth Amendment right against self-incrimination when cross-examined by appellant's counsel, thereby defeating appellant's right to cross-examine witnesses against him."

"The true rule is that when a witness declines to answer on cross-examination certain pertinent questions relevant to a matter testified about by the witness on direct examination, all of the witness' testimony on the *same subject matter* should be stricken. [Cits.] [If] [t]he witness' claim of privilege against self-incrimination . . . [is] with respect to matters sought to be elicited on cross-examination which [are] wholly collateral to and unrelated to [his] testimony in chief, and [is] with respect to separate transactions, in no way shown by [his] testimony to be connected with the crime with which the defendant . . . [is] charged[,]" his direct testimony is unaffected and

there is no denial of the right to a thorough and sifting cross-examination. (Emphasis in original.) *Smith v. State*, 225 Ga. 328, 331 (7) (168 SE2d 587) (1969). The witness in the instant case invoked the Fifth Amendment numerous times during his cross-examination. However, even assuming without deciding that, in any or all such instances, the invocation was as to relevant rather than collateral issues, the right to assert error in failing to strike any portion of the witness' direct testimony was not preserved. Appellant made "no motion . . . at [any] time to exclude [the witness'] testimony. . . ." *Fair v. State*, 140 Ga. App. 281, 282 (1) (231 SE2d 1) (1976). There was no error.

3. The only error in this case is that discussed in Division 1. That error does not mandate a reversal. "To foreclose the possibility of a transfer on the basis of the record currently before us would be to impose arbitrarily a result which may not be in the public's interest, without vindicating any right of the accused." *L. F. K. v. State of Ga.*, 173 Ga. App. 770, 772 (328 SE2d 394) (1985). "Accordingly, we hereby vacate the court's finding that there are reasonable grounds to believe that the appellant should be placed under legal restraint, and remand this case to the juvenile court for the entry of specific findings and conclusions balancing the amenability factor against the interests of the community in processing the child as an adult." *In re E. W.*, supra at 683. If, in compliance with this direction, the juvenile court should determine that it is necessary to conduct a supplementary evidentiary hearing as to appellant's amenability to treatment, it may do so. See *In re E. W.*, supra at 683, fn. 3. It is not the intent of this Court to retain jurisdiction over this case. After the entry of the new order, the losing party must, at that time, pursue whatever right to secure further appellate review that might be available.

*Judgment vacated and case remanded with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 17, 1987.

*William M. Schiller, Paul S. Liston*, for appellant.
*Thomas C. Lawler III, District Attorney, Daniel J. Porter, Assistant District Attorney*, for appellee.