76435. IN THE INTEREST OF S. D. H.
(371 SE2d 149)

SOGNIER, Judge.

A petition of delinquency was filed against appellant alleging that he committed the offenses of conspiracy to commit murder, aggravated assault, theft by taking — motor vehicle, and theft by taking. At a hearing to determine if the case should be transferred to superior

court for trial as an adult, the juvenile court, pursuant to a motion by appellant, dismissed the charge of conspiracy to commit murder. After an evidentiary hearing the juvenile court ordered the case transferred to superior court, which appellant alleges was error. He argues that the State did not meet its burden of showing that appellant was not amenable to treatment within the juvenile court system, and thus, the State was required to show that the interest to society outweighed the amenability factor. Appellant argues that the State did not meet that burden. We do not agree.

OCGA § 15-11-39 provides, in pertinent part: "(a) After a petition has been filed alleging delinquency based on conduct which is designated a crime . . . , the court before hearing the petition on its merits may transfer the offense for prosecution to the appropriate court having jurisdiction of the offense if: (1) A hearing on whether the transfer should be made is held in conformity with Code Sections 15-11-28, 15-11-30, and 15-11-31; . . . (3) The court in its discretion determines there are reasonable grounds to believe that: (A) The child committed the delinquent act alleged; (B) The child is not committable to an institution for the mentally retarded or mentally ill; and (C) The interests of the child and the community require that the child be placed under legal restraint and the transfer be made; . . ."

In interpreting this statute our Supreme Court held: "Former Georgia Code Annotated § 24A-2501 (a) (3) (ii) required the juvenile court to make a determination that there were reasonable grounds to believe that the child was not amenable to treatment or rehabilitation through available facilities. Former Subsection (a) (3) (ii) was deleted by 1978 Ga. Laws, p. 1758. However, we have held that the transfer statute continues to subsume 'the juvenile's amenability to treatment within the concept, "the interest of the child," and authorizes a juvenile court to transfer to the superior court a juvenile who is amenable to treatment if the juvenile court finds that the amenability factor is outweighed by the interests of the community in processing the child as an adult.' [Cit.] Hence, there has been preserved the requirement that the state carry the burden of showing that the child is not amenable to treatment or rehabilitation. [Cit.]" *In re E. W.*, 256 Ga. 681, 682 (2) (353 SE2d 175) (1987).

At a hearing on this issue the evidence disclosed that appellant planned to kill his stepfather, but "chickened out" and instead shot his stepfather through the hand and the fleshy part of the arm with a pistol taken from his gunrack. Appellant and his friend David Randall, who was with appellant at the time, then went to Randall's home, where he got the keys to the car without permission. Appellant and Randall then departed in the car intending to drive to Vermont, but were apprehended in Virginia and returned to Georgia.

Both the chief investigator and the probation officer for the juvenile court testified that appellant's case should be transferred to the superior court for trial. The probation officer testified that based on his experience the prospects for rehabilitation of a seventeen-year-old are low (appellant turned seventeen the day after the hearing), and appellant's mother and stepfather both stated that appellant could not return home. The probation officer based his recommendation on the fact that appellant was on probation as a runaway, and he had dropped out of school. The probation officer testified that he felt appellant would run away again if kept in the juvenile system.

Dr. Frederick Brennan, a psychologist with the Georgia Mental Health Institute, testified that based on his examination and testing of appellant, he is not committable to an institution for mentally retarded or mentally ill persons. Dr. Brennan also testified that appellant demonstrated no grief or remorse, and the *best* recommendation Dr. Brennan could make was that appellant be placed in the Outdoor Therapeutic Program. In this regard, the director of that program testified that children in the program live outside in the North Georgia mountains in tents constructed by the boys themselves. Therefore, they have tools available such as axes, drawblades, and knives, which they are allowed to carry with them. The director testified that there is no security on a twenty-four-hour basis, and it would be simple for the boys in the program to run away. Finally, the director testified that the program would not accept a seventeen-year-old with a case like appellant's.

Based on this evidence, the court found (1) that there are reasonable grounds to believe that appellant committed the delinquent acts alleged; (2) that appellant is not committable to an institution for the mentally retarded or mentally ill; (3) that it is in the best interest of appellant and the community that he be placed under legal restraint and transferred to the Superior Court of Gwinnett County, Georgia, for trial as an adult; (4) that there was evidence that appellant is not amenable to treatment or rehabilitation through available facilities of the Juvenile Court; and (5) that any likelihood of amenability is outweighed by the interests of the community in processing appellant as an adult. Thus, the court made all findings necessary to exercise its discretion under the provisions of OCGA § 15-11-39 to transfer appellant's case to the superior court for trial as an adult.

Under all the facts in this case we find that the State met its burden of establishing that appellant is not amenable to treatment or rehabilitation in the juvenile system, and the Juvenile Court of Gwinnett County did not abuse its discretion by transferring appellant's case to the Superior Court of Gwinnett County for trial as an adult for the offenses charged. *In re E. W.*, supra.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JULY 7, 1988.

*Lawrence L. Washburn III*, for appellant.
*Robert L. Waller III, Solicitor*, for appellee.