77849. IN THE INTEREST OF M. M.
(380 SE2d 75)

POPE, Judge.

A petition of delinquency was filed against appellant alleging that he committed the offenses of aggravated assault upon a police officer and aggravated assault. Following a hearing pursuant to OCGA § 15-11-39, the juvenile court ordered the case transferred to the Superior

Court of Fulton County. On appeal, appellant contends "[t]he juvenile court erred in transferring this case to [the] superior court because the court failed to make specific findings of fact based upon reasonable grounds that the child is not amenable to treatment within the juvenile system, . . ." and that the trial court's findings concerning transfer are unsupported by the evidence.

1. "Former Code Ann. § 24A-2501 (a) (3), as originally enacted, did provide that the juvenile court must find 'that there are reasonable grounds to believe that . . . (ii) the child is not amenable to treatment or rehabilitation through available facilities. . . .' Ga. L. 1971, pp. 709, 737. In 1978, the statute was amended to delete the 'non-amenability' of a juvenile to treatment or rehabilitation as a specific and separate factor entering into the decision to transfer. Ga. L. 1978, p. 1758. The relevant statutory provision now provides only that the juvenile court must, in its discretion, determine whether there are reasonable grounds to believe that: 'The interests of the child and the community require that the child be placed under legal restraint and the transfer be made. . . .' OCGA § 15-11-39 (a) (3) (C). However, our Supreme Court has 'preserved the requirement that the state carry the burden of showing that the child is not amenable to treatment or rehabilitation. (Cit.) In order for an appellate court to determine if the state has carried this burden, "there must be evidence in the record for consideration in the appellate court. The transfer order must realistically reflect why the child is not amenable to treatment as a juvenile. Such decision must be based on evidence and the basis for it clearly reflected in the transfer order itself. . . . (Cit.)" (Cit.) In the instant case the juvenile court's finding is too general to sustain, since it does not reflect why the child is not amenable to treatment as a juvenile.' In re E. W., 256 Ga. 681, 682 (353 SE2d 175) (1987)." In the Interest of H. W. A., 182 Ga. App. 188, 189 (354 SE2d 884) (1987). Cf. In the Interest of S. D. H., 187 Ga. App. 743 (371 SE2d 149) (1988) (where this court found the state met the burden of establishing that the child was not amenable to treatment in the juvenile system).

It does not follow, however, that the trial court's order must be reversed. " 'To foreclose the possibility of a transfer on the basis of the record currently before us would be to impose arbitrarily a result which may not be in the public's interest, without vindicating any right of the accused.' L. F. K. v. State of Ga., 173 Ga. App. 770, 772 (328 SE2d 394) (1985). 'Accordingly, we hereby vacate the court's [findings] . . . and remand this case to the juvenile court for the entry of specific findings and conclusions balancing the amenability factor against the interests of the community in processing the child as an adult.' In re E. W., supra at 683. If, in compliance with this direction, the juvenile court should determine that it is necessary to con-

duct a supplementary evidentiary hearing as to appellant's amenability to treatment, it may do so. See *In re E. W.*, supra at 683, fn. 3. It is not the intent of this Court to retain jurisdiction over this case. After the entry of the new order, the losing party must, at that time, pursue whatever right to secure further appellate review that might be available." *In the Interest of H. W. A.*, supra at 190.

2. Because we have remanded this case for the purpose of the entry of a new order, including additional findings of fact and the receipt of further evidence, if necessary for compliance with this decision, appellant's enumeration of error concerning the sufficiency of the evidence is premature and need not be considered at this time.

*Judgment vacated and case remanded with direction. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 6, 1989 —
REHEARING DENIED MARCH 16, 1989 — 

*Elliott A. Shoenthal, Brian W. Wertheim*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew Weathers, George J. Robinson, Jr., Assistant District Attorneys*, for appellee.