Bell, Justice.
We granted certiorari in this case, In the Interest of M. M., 190 Ga. App. 795 (380 SE2d 75) (1989), to consider whether a juvenile court must decline to transfer a juvenile to superior court for prosecution if the juvenile is amenable to treatment, or whether the court may, even though the juvenile is amenable to treatment, transfer the juvenile to superior court, after considering the amenability of the juvenile as a factor concerning “[t]he interests .of the child,” OCGA § 15-11-39 (a) (3) (C), and after then balancing the child’s interests against “[t]he interests of . . . the community,” id., in treating the juvenile as an adult.
On June 2, 1988, M. M., a 15-year-old child, was arrested and charged with aggravated assault on a bus driver and aggravated assault on a police officer. The assaults occurred with a metal pipe, and the police officer suffered permanent brain damage. The state moved to transfer the case to superior court under OCGA § 15-11-39. At a transfer hearing, the mental-health clinician who evaluated M. M. testified that he thought M. M. was amenable to treatment in the juvenile-court system. Moreover, the state conceded that M. M. might be amenable to treatment, but argued that the interest of the community in prosecuting M. M. in superior court outweighed M. M.’s interest in being treated in juvenile court. Following the hearing, the juvenile court found that there were reasonable grounds to believe that M. M. committed the delinquent acts alleged, OCGA § 15-11-39 (a) (3) (A); that M. M. is not committable to an institution for the mentally retarded or mentally ill, id. at (3) (B); and that because of the heinous nature of the offenses the interest of the community in prosecuting M. M. as an adult outweighed M. M.’s interest in treatment in the juvenile system, id. at (3) (C). The court then ordered the transfer to superior court.
M. M. appealed to the Court of Appeals. Relying on In re E. W., 256 Ga. 681 (2) (353 SE2d 175) (1987), and In the Interest of H. W. A., 182 Ga. App. 188 (1) (354 SE2d 884) (1987), the Court of Appeals held that the state had the burden to prove that M. M. was not amenable to treatment in the juvenile system before the juvenile court could order M. M.’s transfer to superior court, and that the juvenile court erred in failing to make specific findings regarding M. M.’s amenability. The Court of Appeals remanded with direction to the juvenile court to enter specific findings and conclusions balancing the amenability factor against the interests of the community in treating the child as an adult. In the Interest of M. M., supra, 190 Ga. App. at *638 796-797 (1).
1. The state contends the Court of Appeals erred in concluding that the state had the burden of proving M. M.’s non-amenability to treatment as a prerequisite to M. M.’s transfer to superior court. We agree. We believe that the Court of Appeals’ erroneous holding in this case stems from a misconstruction by the Court of Appeals of our holding in In re E. W., supra, 256 Ga. We will now explain, and distinguish from the present case, our holding in In re E. W., and then apply the correct requirements of OCGA § 15-11-39 (a) (3) (C) to the present case.
In In re E. W., supra, 256 Ga., the state sought to have the juvenile transferred to superior court because, it contended, the juvenile had demonstrated, through previous appearances and treatment in the juvenile system and other aberrant behavior, that he was not amenable to treatment in the juvenile system. E. W. argued to the contrary, contending he was amenable to treatment. The juvenile court granted the state’s motion to transfer, and on appeal, E. W. contended the state failed to show he was not amenable to treatment.
Regarding the amenability requirement, we noted that
[fjormer Georgia Code Annotated § 24A-2501 (a) (3) (ii) required the juvenile court to make a determination that there were reasonable grounds to believe that the child was not amenable to treatment or rehabilitation through available facilities. Former Subsection (a) (3) (ii) was deleted by 1978 Ga. Laws, p, 1758. [In re E. W., 256 Ga., supra at 682 (2).]
We also noted that the present transfer statute now requires a juvenile court to determine, in its discretion, whether there are reasonable grounds to believe that: “The interests of the child and the community require that the child be placed under legal restraint and the transfer be made.” OCGA § 15-11-39 (a) (3) (C). Finally, we noted that this court had held that the present transfer statute
continues to subsume “the juvenile’s amenability to treatment within the concept, ‘the interest of the child,’ and authorizes a juvenile court to transfer to the superior court a juvenile who is amenable to treatment if the juvenile court finds that the amenability factor is outweighed by the interests of the community in processing the child as an adult.” In the Interest of J. J. S., 246 Ga. 617, 618 (1) (272 SE2d 294) (1980). [In re E. W., supra, 256 Ga. at 682.]
In In re E. W., supra, 256 Ga., because the state relied on the child’s alleged non-amenability to treatment as the basis for the juvenile’s transfer to superior court, this court required that the state *639 carry the burden of showing that the child was not amenable to treatment and that the transfer order reflect why the child was not amenable to treatment. In re E. W., supra, 256 Ga. at 682-683.[1]
The foregoing requirements from In re E. W. have been construed by the Court of Appeals to mean that the state must always prove a juvenile is non-amenable to treatment to warrant a transfer, and that the juvenile court’s order must always reflect why the juvenile is not amenable to treatment. See In the Interest of M. M., supra, 190 Ga. App. at 796; In the Interest of H. W. A., supra, 182 Ga. App. at 189. That we did not intend such requirements to always be prerequisites to a transfer is evidenced by our statement that a juvenile court can transfer a juvenile who is amenable to treatment to superior court “ ‘if the juvenile court finds that the amenability factor is outweighed by the interests of the community in processing the child as an adult.’ ” In re E. W., supra, 256 Ga. at 682. We intended such requirements to be necessary only in cases where the state seeks the transfer based at least in part on the child’s non-amenability to treatment in the juvenile system, and the juvenile court relies in part on the juvenile’s non-amenability to warrant the transfer. See In re K. S. J., 258 Ga. 52, 54 (3) (365 SE2d 820) (1988).
2. We derive several rules regarding OCGA § 15-11-39 from the holdings of In the Interest of J. J. S., supra, 246 Ga., and in In re E. W., supra, 256 Ga.
a. First, whether a child is amenable to treatment in the juvenile system is a factor to consider in determining the child’s and the community’s interest. If the evidence shows the child is not amenable to treatment, the child’s interest in treatment in the juvenile system is minimized because of the treatment’s potential ineffectiveness, and, because of that ineffectiveness, the community has an interest in treating the child as an adult. However, we note that a child’s amenability or non-amenability to treatment is but one factor to consider in determining the child’s and the community’s interests. Both the state and the juvenile are free to put forth any evidence they desire relating to the child’s and the community’s interest.
b. Second, if the state seeks a transfer based at least in part on the child’s non-amenability to treatment in the juvenile system, the state has the burden of proving the child is not amenable to treatment. Moreover, if the juvenile court relies in part on the child’s non-amenability to treatment in ordering the transfer, the transfer order, in performing the balancing test required by § 15-11-39 (a) (3) (C), *640 must reflect why the child is not amenable to treatment. See In re K. S. J., supra, 258 Ga.
Decided December 1, 1989.
Benjamin H. Oehlert III, Assistant District Attorney, for appellant.
Elliott A. Shoenthal, for appellee.
c. Third, as envisioned in In the Interest of J. J. S., supra, 246 Ga. at 618, the state could argue that, even though a juvenile is amenable to treatment, the community’s interest (varying depending on the reasons advanced by the state) in transferring the juvenile to the adult system outweighs the juvenile’s interest in treatment in the juvenile system.
In such cases, the state does not have to prove the child’s non-amenability to treatment. Moreover, a fortiori, if the court orders a transfer, the order does not have to reflect why the juvenile is not amenable to treatment. Instead, the order must balance the child’s interest in treatment in the juvenile system, including but not limited to his amenability to treatment, against the community’s interest in treating the child as an adult.
3. In the present case the state sought the transfer on the ground that the community’s interest in treating M. M. as an adult was paramount to M. M.’s treatment as a juvenile, even assuming M. M. is amenable to treatment. Thus, contrary to the Court of Appeals’ holding, In the Interest of M. M., supra, 190 Ga. App. at 796, the state was not required to prove that M. M. is not amenable to treatment. Moreover, we conclude that the juvenile court’s finding that, because of the heinous nature of the offenses, the community’s interest in treating M. M. as an adult outweighed M. M.’s interest in remaining in the juvenile system was sufficient to warrant the transfer.
4. For the foregoing reasons we reverse the judgment of the Court of Appeals.

Judgment reversed.

All the Justices concur, except Weltner, J., not participating.

 See D. T. R. v. State of Ga., 174 Ga. App. 695 (331 SE2d 70) (1985), for a case in which the Court of Appeals also required the state to prove non-amenability. In that case, like In re E. W., the state sought the transfer based on the child’s non-amenability to treatment in the juvenile system.