### S91A1253. WALLER v. THE STATE.
(412 SE2d 531)

BENHAM, Justice.

Appellant was 15 years old when she was charged with murder, armed robbery and theft by taking, charges based on events which occurred when she was 14 years old. The State sought transfer of appellant and the charges against her from juvenile court to superior court. This appeal is from an order which, after several related hearings, ordered the transfer.

1. In her first three enumerations of error, appellant complains that the trial court failed to consider adequately appellant's amenability to treatment and failed to perform the necessary balancing between appellant's amenability to treatment as a juvenile and the community's interest in her treatment as an adult offender. We find no basis for reversal in these issues.

As this court explained in *State v. M. M.,* 259 Ga. 637 (2c) (386 SE2d 35) (1989), in cases in which the State does not rely on nonamenability to treatment as the basis for transfer,

> the [transfer] order does not have to reflect why the juvenile is not amenable to treatment. Instead, the order must balance the child's interest in treatment in the juvenile system, including but not limited to . . . amenability to treatment, against the community's interest in treating the child as an adult. [Id. at 640.]

As may be seen from the State's motion for transfer, the present case

is one in which the State does not rely on non-amenability to treatment as the basis for transfer. Furthermore, the juvenile court's order, contrary to appellant's assertions on appeal, does reflect the necessary balancing of interest mandated in *State v. M. M.*, supra. While the elements of the required balance were not consolidated in a single statement of reasoning, it is clear from the transfer order that they were all considered in the process which led to the finding that appellant's interests and those of the community, when balanced, required that appellant be tried as an adult.

2. In two enumerations of error, appellant contends that the trial court placed too much emphasis on the nature of the crimes involved and that the nature of the crimes would not alone be a sufficient basis for transfer. While we agree with appellant that transfer to superior court cannot be based solely on the number and severity of the crimes (see *C. L. A. v. State of Ga.*, 137 Ga. App. 511 (4) (224 SE2d 491) (1976)), we disagree with her contention that the basis for the transfer in this case was so limited. Here, as was the situation in *In the Interest of J. D.*, 195 Ga. App. 801 (395 SE2d 280) (1990), the transfer was based in part on the severity of the offenses and in part on the involvement in the crimes at issue of adult offenders. In addition, the juvenile court in the present case also considered appellant's role as the apparent instigator of the offenses. We conclude, therefore, that the juvenile court had sufficient bases other than the nature of the crimes for the finding that the requirements of OCGA § 15-11-39 had been met and that transfer to superior court was proper.

3. Appellant's final contention, that there was no evidence to support the juvenile court's finding that appellant acted in concert with an adult, is not supported by the record. The trial court specifically relied on the evidence produced at the detention hearing, and the transcript of that hearing adequately establishes that appellant and an adult male plotted and carried out the murder of another adult.

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Fletcher, JJ., concur.*

DECIDED FEBRUARY 4, 1992.

*Ratchford, Hall & Godlove, Warren E. Ratchford, Susan C. Herring,* for appellant.

*J. Lane Johnston, District Attorney, R. Joseph Martin III, Assistant District Attorney,* for appellee.