S93A1375. In the Interest of J. N. B., a child.

(436 SE2d 202)

Fletcher, Justice.

Appellant, J. N. B., was thirteen years old when he was charged with the murder of his nine-year-old stepbrother. The state sought transfer of appellant and the charges against him from juvenile court to superior court. This appeal is from an order of transfer entered by the juvenile court after two days of hearings.

1. In his first enumeration of error, appellant complains that the juvenile court erred in ordering the transfer where the state failed to prove that he was not amenable to treatment.

To effect a valid transfer of jurisdiction from juvenile court to superior court, the juvenile court must determine, in its discretion, whether there are reasonable grounds to believe that: "The interests of the child and the community require that the child be placed under legal restraint and the transfer be made." OCGA § 15-11-39 (a) (3) (C). One factor that may be considered in balancing the interests of the child and the community is the child's amenability to treatment in the juvenile system. *State v. M. M.,* 259 Ga. 637 (2) (386 SE2d 35) (1989). The state need not prove nonamenability to treatment in the juvenile system in every circumstance, but if the state seeks a transfer based at least in part on the child's nonamenability, it has the burden of proving such fact. Id.

In making its decision the juvenile court relied on the testimony of several experts who testified that there was a high probability that appellant would repeat his violent behavior without intensive therapy lasting four to five years and that appellant should be incarcerated during such time to avoid the risk of another violent outburst. The court also relied on the testimony of a representative of the State Department of Children and Youth Services who testified that there was no intensive psychiatric treatment available in a secure facility in the state juvenile system for longer than 18 months. The juvenile court concluded that appellant was not amenable to treatment in the juvenile system and that the community's interest outweighed appellant's

interest in being tried in juvenile court.

Based on the evidence before the juvenile court, we find there were reasonable grounds for the court to conclude that appellant could not receive appropriate treatment in a secure facility for the necessary length of time in the juvenile system. Therefore, the juvenile court did not abuse its discretion in ordering transfer. See *In re K. S. J.*, 258 Ga. 52 (365 SE2d 820) (1988); *In the Interest of E. M.*, 198 Ga. App. 729 (402 SE2d 751) (1991) (juvenile court order transferring jurisdiction will not be disturbed if based on evidence).

2. Appellant also contends that in ordering the transfer of jurisdiction to the superior court the juvenile court failed to consider the nature of the offense and, even if it had, transfer was not justified under these facts. A juvenile court may, but is not required, to consider the severity of the crimes committed when determining the weight to be given the community's interest in trying a juvenile in superior court. *Waller v. State*, 261 Ga. 830 (412 SE2d 531) (1992). The juvenile court did not err by relying on other factors in ordering appellant and the charges against him transferred to superior court.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1993 —
RECONSIDERATION DENIED DECEMBER 2, 1993.

*Todd L. Ray*, for appellant.
*Jack O. Partain III, District Attorney*, for appellee.