A94A1792. IN THE INTEREST OF A. F., a child.
(448 SE2d 11)

BIRDSONG, Presiding Judge.

This is an appeal from the order of the juvenile court which ordered transfer of A. F. to the superior court for trial as an adult offender. Following the discovery of a woman's body, a suspect implicated A. F. in the criminal incident. Investigators determined that on the night of the criminal incident the suspect was accompanied by another adult and the juvenile A. F. Investigators were sent to interview appellant but found that he had been adjudged a delinquent by the local juvenile court that day for an apparently unrelated motor vehicle theft. Appellant A. F. was taken into custody and gave a statement to law enforcement officials.

Appellant was charged with the designated felonies of malice murder, felony murder, kidnapping with bodily injury, rape, armed robbery, and aggravated sodomy. He was also charged with one non-designated felony, burglary. The State filed a petition to transfer the case to the superior court to try A. F. as an adult; a bifurcated hearing was held.

During the hearing, certain State and defense witnesses opined, inter alia, that A. F. would be amenable to treatment within the juvenile court system; at least one State expert testified appellant was not a threat to society. However, an investigator testified that his investigation established that the two adult suspects and appellant A. F. (who was then age 15) went to the victim's home to burglarize it. They wore ski masks and one of the adults was armed with a .22 calibre pistol when the burglary was committed. The victim was inside the residence with her two-month-old child. Appellant actively participated in the burglary by taking certain stolen items and hiding them in the bushes. Subsequently, appellant brought the three perpetrators' car to the house and picked up his adult co-accomplices and the victim who was forced from the residence at gunpoint. The kidnapped victim subsequently was taken to a local motel where she was raped by all three perpetrators while held at gunpoint. One adult male on more than one occasion pointed the weapon at appellant who felt threatened. After leaving the motel with the victim, the perpetrators observed a man who appellant believed to be the victim's father looking for her, so they returned to the motel. At this time the victim was forced at gunpoint to perform sodomy on all three perpetrators. The perpetrators then left the motel again and the victim was taken to the woods and shot by one of the armed adult males. Appellant admitted that he and the other adult male then got out of the vehicle and checked the victim, by shaking her, to see if she was still alive. She was dead. The perpetrators then departed the area and the masks and weapon were thrown away by the adult who had shot the victim.

A forensic psychiatrist testified for the State that he had conducted a mental evaluation of appellant and found that appellant was not suffering from any mental disease or defect at the time of the crime nor is appellant presently suffering from such disease or defect; further, appellant is not committable to an institution for the mentally ill or retarded.

In addition to introducing evidence of appellant's previous adjudication of delinquency for the offenses of escape, obstruction of an officer, two offenses of theft by taking, theft by taking of a motor vehicle and shoplifting, the State also introduced evidence that appellant currently was the subject of an unadjudicated case for allegedly pointing a firearm at another individual. Testimony from a representative of the Regional Youth Development Center relates that while detained in that facility appellant's conduct had been disruptive and on one occasion he engaged in an act of oral sodomy.

At the close of the hearing the juvenile judge ordered A. F.'s transfer for trial in superior court. In so ruling, the juvenile judge held, inter alia, that: appellant is not committable to an institution for the mentally ill or mentally retarded; there is probable cause to believe appellant committed the offenses for which he was charged (including felony murder and malice murder) and that said acts would be punishable by loss of life or confinement for life in a penal institution; and the State presented evidence as to non-amenability to treatment and that the community interest in treating the juvenile as an adult outweighs the juvenile's interest in being treated as a juvenile. The juvenile court further found that "because of said juvenile's history with the juvenile court system, the evidence shows that [appellant] is not amenable to treatment, and the child's interest in treatment in the juvenile system is minimized because of the treatment's potential ineffectiveness and because of that ineffectiveness the community has an interest in treating the child as an adult. . . . Furthermore . . . the amenability factor is outweighed by the interest of the community in processing the child as an adult based on the severity and heinous nature of the offenses with which he is charged." *Held*:

Appellant contends the juvenile court erred, as the ruling to transfer is contrary to the evidence, and that the court abused its discretion by ordering the juvenile A. F.'s transfer to superior court for trial as an adult offender.

1. A juvenile court does not abuse its broad discretion in ordering a transfer where there is evidence in support of the transfer. *In the Interest of K. L. L.*, 204 Ga. App. 320, 321 (2) (419 SE2d 312). We therefore must examine the state of the evidence in light of the law applicable to such transfers.

2. OCGA § 15-11-39 (a) (3) (C), " 'the present transfer statute[,]

now requires a juvenile court to determine, in its discretion, whether there are reasonable grounds to believe that: "The interests of the child and the community require that the child be placed under legal restraint and the transfer be made." [Cit.]' " *In the Interest of L. T. W.*, 211 Ga. App. 441, 442 (2) (439 SE2d 716). In *State v. M. M.*, 259 Ga. 637, 639 (2) (a) (386 SE2d 35), it was held that "a child's amenability or non-amenability to treatment [in the juvenile system] is but one factor to consider in determining the child's and the community's interests."

Appellant contends that while the State does not have to prove the amenability of the treatment of the juvenile within the juvenile court system, the State must prove that the community's interest in the incarceration of and prosecution of the juvenile, as an adult, within the superior court system, outweighs the amenability of treatment of the juvenile within the juvenile court system; appellant then argues that this showing was not made as the State produced no evidence to show that the juvenile is not amenable to treatment and that he is a danger to society. We find that appellant is attempting to overreach the scope of the holding in *M. M.*, supra. In *M. M.*, at 639 (2) (b), it was held that "if the [S]tate seeks a transfer based at least in part on the child's non-amenability to treatment in the juvenile system, the [S]tate has the burden of proving the child is not amenable to treatment. Moreover, if the juvenile court relies in part on the child's non-amenability to treatment in ordering the transfer, the transfer order, in performing the balancing test required by § 15-11-39 (a) (3) (C), must reflect why the child is not amenable to treatment." The order in this case reflects why the juvenile court concluded the child is not amenable to treatment. The question then becomes whether that reason, being supported as it is by evidence of record, is sufficient to support the determination of non-amenability to treatment. We conclude that it is. Neither *M. M.*, supra, nor its progeny, preclude the use of circumstantial evidence to establish non-amenability to treatment, and we decline to create such a rule. In fact, "[a] juvenile court may, but is not required, to consider the severity of the crimes committed when determining the weight to be given the community's interest in trying a juvenile in superior court." *In the Interest of J. N. B.*, 263 Ga. 600, 601 (2) (436 SE2d 202). "The juvenile court properly relied on the heinous nature of the offense[s] in determining that the community's interest in treating [appellant] as an adult outweighed [appellant's] interest in being treated in the juvenile system." *In the Interest of J. H.*, 260 Ga. 447, 449 (1) (396 SE2d 885); *M. M.*, supra at 640 (3). Moreover, we find that the juvenile court could properly rely on appellant's past history with the juvenile system and his lack of rehabilitation thereby. The court also could consider the heinous nature of the currently charged offenses,

any direct or circumstantial evidence of appellant's in concert involvement in the crimes at issue with adult co-accomplices, and/or the scope and nature of appellant's direct participation in those crimes in determining whether appellant is amenable or not to treatment in the juvenile system. Compare *Waller v. State*, 261 Ga. 830, 831 (2) (412 SE2d 531). As in *Waller*, supra, the juvenile court's decision to transfer appellant was not based solely on the number and severity of the crimes at issue.

Appellant's various contentions in support of his two enumerations of error are without merit.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 28, 1994 —
RECONSIDERATION DENIED AUGUST 16, 1994 —

*Mullins & Whalen, Harold A. Sturdivant*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, William T. Mc-Broom, Assistant District Attorney*, for appellee.

