## S99A0304. McKENZIE v. THE STATE.
(518 SE2d 404)

CARLEY, Justice.

. The grand jury indicted Terry McKenzie and five others for the felony murder of a convenience store operator while in the commission of an armed robbery. McKenzie, Lorenzo Felder and Graylin Coley were tried jointly before a jury, which found that all three were guilty and the trial court sentenced each to life imprisonment. The defendants filed separate notices of appeal and, in a previous opinion, we affirmed Felder's and Coley's convictions and sentences. *Felder v. State,* 270 Ga. 641 (514 SE2d 416) (1999). In this case, we address the felony murder conviction and the life sentence imposed against McKenzie.[1]

1. Enumerating the general grounds, McKenzie urges that the evidence shows only that he was present at the scene of the crimes. During his interrogation and in his trial testimony, however, McKenzie denied that he was present at all. Despite McKenzie's claim of alibi, there was evidence to show that, although an apparent latecomer to the conspiracy, he knew of the plans to rob the store beforehand and played a part therein. He was seen near the store shortly before the crimes occurred, and he supplied one of his alleged accomplices with a gun which, although not the murder weapon, was used in the robbery. The State's evidence showed that McKenzie served as a lookout while two of his co-conspirators entered the store and committed the crimes. He was to share in the proceeds of the robbery. McKenzie fled with the others after the victim was shot. To the extent that the proof of McKenzie's guilt was dependent upon the tes-

---

[1] The homicide occurred on March 12, 1997, and the grand jury returned its indictment on May 12, 1997. The jury returned its guilty verdicts on March 5, 1998, and, on that same date, the trial court entered the judgments of conviction and imposed the life sentences. McKenzie filed his motion for new trial on March 24, 1998, and the trial court denied the motion on September 8, 1998. McKenzie filed his notice of appeal on September 28, 1998, and the case was docketed in this Court on November 19, 1998. The appeal was submitted for decision on January 11, 1999.

timony of his accomplices and their prior statements, there was adequate mutual corroboration. See *Riley v. State*, 268 Ga. 640, 641 (1) (491 SE2d 802) (1997). The evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of McKenzie's guilt as a party to the felony murder of the victim while in the commission of an armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Felder v. State*, supra at 642 (1); *Lattimore v. State*, 266 Ga. 737 (1) (470 SE2d 673) (1996).

2. Over a hearsay objection, an officer was permitted to testify that one of the suspects "gave us the name of McKenzie." The trial court ruled that this testimony was admissible for the limited purpose of explaining why the officer conducted an investigation of McKenzie. On appeal, McKenzie urges that his hearsay objection was meritorious and should have been sustained.

"[E]vidence of what someone told an officer is admissible to explain the officer's conduct only in 'rare instances.' [Cit.]" *Render v. State*, 267 Ga. 848, 849 (2) (483 SE2d 570) (1997). "Prosecutors and trial judges would be well advised to walk wide of error in the proffer and admission of [such] evidence. . . ." *Teague v. State*, 252 Ga. 534, 537 (3) (314 SE2d 910) (1984). That the focus of suspicion fell on McKenzie was relevant, but that it did so as the specific result of an out-of-court statement attributed to one of his alleged co-conspirators would appear to be immaterial. The State could accomplish the same purpose without violating the hearsay rule, simply by having the officer testify that he decided to question McKenzie because that was the general direction in which his investigation to date led him. "[A]ll officers have a professional obligation to initiate and continue any investigation which he or she, in good faith, believes to involve criminal conduct." *Render v. State*, supra at 849 (2).

Even though this is not one of those unusual cases in which hearsay was admissible to explain the officer's conduct, we would reverse McKenzie's conviction, only if he was harmed by the trial court's erroneous evidentiary ruling. In this regard, nothing in the officer's testimony directly inculpated McKenzie. Compare *Render v. State*, supra at 849 (2). At most, the import of the hearsay was that McKenzie had been identified as a suspect. *Wright v. State*, 187 Ga. App. 311, 312 (2) (370 SE2d 160) (1988). Since McKenzie was on trial, it was obvious that the investigating officer had information pointing to McKenzie as one of the participants in the crimes. McKenzie urges that, because the officer also testified that the same source supplied the names of two other alleged accomplices who had pled guilty before trial, the hearsay reference to his identification by that specific source had the prejudicial effect of implying his guilty association with the admitted murderers. However, there was direct evidence of McKenzie's guilty association in that regard. The two co-

conspirators who pled guilty were called as witnesses for the State and, in addition, the State presented evidence of their pre-trial statements in which they implicated McKenzie as a participant. See *Latimore v. State*, 175 Ga. App. 756, 757 (5) (334 SE2d 701) (1985). Thus, any possible prejudicial implication of the officer's inadmissible testimony was obviated by the admissible direct evidence that McKenzie acted in concert with the admitted perpetrators of the crimes. Because the hearsay was "merely cumulative, . . . we find it more than highly probable that its admission did not contribute to the verdict. [Cit.]" *Teague v. State*, supra at 537 (2).

3. On the day before trial, the State gave notice of its intent to call Travis Smith, who was Felder's cellmate, as a witness. McKenzie objected to the timeliness of the State's notification and moved to preclude Smith from testifying. The trial court denied the motion, but ruled that the State could call the witness only after defense counsel was given the opportunity to interview him. McKenzie enumerates as error the denial of the motion to exclude Smith's testimony.

Exclusion would be authorized only if McKenzie showed the State's bad faith, as well as prejudice to his defense. OCGA § 17-16-6; *Felder v. State*, supra at 645 (6). There was no bad faith, as the prosecuting attorney notified the defense as soon as she became aware that Smith might be a possible witness for the State. Moreover, it was not until the second day of the trial that Smith was called as the very last witness in the State's case-in-chief. Smith was not allowed to testify until defense counsel completed an extensive voir dire outside the presence of the jury. The record does not reflect that McKenzie moved for any additional time to interview Smith. The statement which Smith attributed to Felder did not identify McKenzie or directly implicate him in the crimes. See *Owen v. State*, 266 Ga. 312, 314 (4) (467 SE2d 325) (1996). Smith's testimony was inculpatory only of Felder. Under these circumstances, the opportunity which McKenzie had to interview Smith was sufficient and, there being no prejudice, the trial court did not err in allowing Smith's testimony. See generally *Felder v. State*, supra at 645 (6).

4. When, during cross-examination, Smith invoked the privilege against self-incrimination as to a collateral issue related to his general credibility, McKenzie moved to strike Smith's testimony on direct. The trial court properly denied this motion, since McKenzie was not precluded from a thorough and sifting cross-examination as to the specifics of Smith's testimony on direct. *Felder v. State*, supra at 646 (11); *Smith v. State*, 225 Ga. 328, 333 (7) (168 SE2d 587) (1969).

*Judgment affirmed. All the Justices concur.*

50

*Franklin & Hubbard, Brooks S. Franklin, William F. Holbert,* for appellant.

*John C. Pridgen, District Attorney, Denise D. Fachini, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.