## S04A1334. CODY v. THE STATE.

(609 SE2d 320)

FLETCHER, Chief Justice.

Markell Cody was convicted of felony murder in the shooting death of Clarence Weaver.[1] Cody appeals contending that the trial court erred in vacating its order granting a new trial. The trial court had granted the motion for new trial based upon newly discovered evidence and then upon the State's motion for reconsideration, struck the testimony of the new witness and vacated its previous order. However, the State failed to object to the testimony of the witness or move to strike until after the trial court had granted the motion for new trial and entered a scheduling order. Therefore, the State's motion to strike was untimely and the trial court erred in granting it. Accordingly, we reverse.

The evidence at trial showed that Cody and the defendant were arguing, Cody shot the victim in the leg, and the victim died five days later. Cody testified that the victim was reaching for a gun when Cody shot in self-defense. Cody called four witnesses who also testified that the victim had a gun; however, no gun was found on the victim or near the scene.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that any rational trier of fact could have found Cody guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

At the motion for new trial hearing, Cody presented the testimony of Olanzier Baker, a newly discovered witness. Baker testified that he was with the victim at the time of the shooting. According to Baker, he and the victim had been snorting cocaine when they decided to buy some more. The victim was driving a car he had stolen, and the two drove to the victim's uncle's apartment to try to buy more drugs. Baker and the victim each gave the uncle five dollars to use to buy drugs from one of the uncle's acquaintances. The uncle walked to

---

[1] The crimes occurred November 29, 1996. A Fulton County Grand Jury indicted Cody on June 17, 1997 on charges of malice murder, felony murder, and aggravated assault. Following a jury trial on February 17-20, 1998, Cody was acquitted of malice murder and found guilty of felony murder and aggravated assault. On February 20, 1998, the trial court sentenced Cody to life imprisonment for felony murder. Cody filed a motion for new trial on March 5, 1998, and the trial court granted the motion on March 26, 1999. Subsequently, on May 26, 1999, the trial court vacated the order granting a new trial, and instead entered an order denying the motion for new trial. Following the dismissal of his untimely appeal, *Cody v. State*, 277 Ga. 553 (592 SE2d 419) (2004), Cody sought an out-of-time appeal, which the trial court granted on February 23, 2004. Cody filed a notice of appeal on March 15, 2004, and the case was docketed in this Court on April 15, 2004 and submitted for decision without oral argument on June 7, 2004.

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

another area of the apartment complex and when he returned, he said that "the boys had taken the money." The victim then went to confront those who had taken the money and got into an argument with them. Following the argument, the victim went to his car, retrieved a gun, and said he was going to kill those who had taken the money. The victim returned to the apartment building and Baker said he heard gunshots. When the shooting stopped, Baker went to see what had happened and saw the victim, who had been shot in the leg. The victim told Baker to take the gun and car and leave, and the victim would get his uncle to take him to the hospital. Baker took the gun and drove away in the car. He abandoned the car nearby and got rid of the gun.

On cross-examination, Baker admitted his name was Olanzier Baker, that he was a convicted felon, and that on the day of the crimes, he was in possession of cocaine, had been snorting cocaine, and he and the victim were trying to purchase more cocaine. He also described the location where the crimes occurred and testified that although he did not know the apartment number of the victim's uncle, he could find it again. However, he invoked his Fifth Amendment right against self-incrimination and refused to answer questions about aliases he might have, his birth date, or whether two certified copies of guilty pleas to felony charges against Olanzier Baker contained his signature. He also declined to testify as to what he did with the gun. Finally, he declined to state whether he was ever in possession of the gun or a stolen car, even though he admitted both facts on direct examination.

The trial court took the issue under advisement and subsequently granted the motion for new trial. The State then filed a motion for reconsideration arguing for the first time that Baker's testimony should be stricken. The trial court granted the motion to strike, vacated its earlier order granting a new trial, and issued a new order denying the motion for new trial.

2. This Court has previously addressed the proper procedure to follow when a witness invokes the privilege against self-incrimination.[3] First, the trial court is required to decide whether there is a real and appreciable danger that the answer *could* incriminate the witness. If so, then the decision on whether to answer must be left to the witness. If the trial court determines that the answers could not incriminate the witness, the witness is required to answer or face the court's sanction. If the witness's refusal to answer (whether because the answer could incriminate or because the witness violates the court's

---

[3] *Lawrence v. State*, 257 Ga. 423, 424 n. 3 (360 SE2d 716) (1987).

order to answer) denies a party a thorough and sifting cross-examination of the specifics of the witness's testimony on direct, then the trial court is authorized to strike that witness's direct testimony.[4] However, if the invocation of the privilege relates to a collateral issue or to his general credibility, then the testimony need not be stricken.[5]

In this case, however, the State did not follow the procedure, nor, more importantly, did the State move to strike Baker's testimony at any time during the hearing. The State also failed to raise the issue during the ten days between the hearing and the issuance of the trial court's order granting the motion for new trial.[6] The following week, the trial court issued a scheduling order setting deadlines for discovery and motions. Only after the trial court entered the scheduling order, did the State file its motion for reconsideration, arguing for the first time that Baker's testimony should be stricken.[7] Because the State failed to move to strike the testimony during the hearing, or in post-hearing briefs, but chose to wait until after the trial court had granted the new trial and issued a scheduling order, the State waived this issue.[8]

3. Even if the issue had not been waived, we conclude the trial court abused its discretion in granting the motion for reconsideration. Although the trial court has the authority to set aside a grant of a new trial out of term when proceedings are initiated within the same term, the trial court must still act upon a meritorious reason.[9] Here, the State was unable to give a meritorious reason because it waited until after the hearing to move to strike the testimony. Because of the State's delay, the trial court was not given the opportunity to properly evaluate the claim of privilege or to determine if the witness would answer questions if directed. Accordingly, the trial court erred in granting the State's motion for reconsideration.

---

[4] *McKenzie v. State*, 271 Ga. 47, 49 (4) (518 SE2d 404) (1999); *Smith v. State*, 225 Ga. 328, 333 (168 SE2d 587) (1969).

[5] *McKenzie*, 271 Ga. at 49.

[6] In its order granting the motion for new trial, the trial court applied the correct standard of *Timberlake v. State*, 246 Ga. 488 (271 SE2d 792) (1980) for determining whether newly discovered evidence warranted the granting of a new trial. Whether the trial court's ruling granting the motion for new trial was correct is not before us. The State is not authorized to appeal an order granting a motion for new trial in a criminal case. OCGA § 5-7-1.

[7] See *Sharpe v. Dept. of Transp.*, 267 Ga. 267, 271 (476 SE2d 722) (1996) (where no timely objection made, later motion to strike generally does not preserve issue for appellate review).

[8] *Ledford v. State*, 264 Ga. 60, 67 (17) (439 SE2d 917) (1994); *In the Interest of H. W. A.*, 182 Ga. App. 188, 190 (354 SE2d 884) (1987) (where party did not object to witness's invocation of privilege and did not move to strike testimony, no error preserved), disapproved on other grounds, *State v. M. M.*, 259 Ga. 637 (386 SE2d 35) (1989).

[9] See *Buice v. State*, 272 Ga. 323, 325 (528 SE2d 788) (2000) (inherent power of court should not be used unless some meritorious reason is given).

*Judgment reversed. All the Justices concur, except Hunstein, J., who concurs in judgment only, and Carley, Thompson and Hines, JJ., who dissent.*

CARLEY, Justice, dissenting.

On March 26, 1999, the trial court granted Cody's motion for new trial, concluding that he had produced newly discovered exculpatory evidence in the form of testimony from Olanzier Baker. On April 6, 1999, the State filed a motion for reconsideration and urged that the trial court strike Baker's testimony. On May 26, 1999, the trial court granted the State's motion, struck the testimony, vacated its original order, and denied the motion for new trial. Today, a majority of this Court reverses, on the basis that the State did not move to strike Baker's testimony until after the trial court had granted Cody's motion on March 26. "Because the State failed to move to strike the testimony during the hearing, or in post-hearing briefs, but chose to wait until after the trial court had granted the new trial and issued a scheduling order, the State waived this issue." Majority opinion, p. 781. I submit that the majority erroneously relies on the principle of waiver, rather than correctly focusing on the trial court's jurisdiction to reconsider its prior order.

> A superior court retains plenary control over its judgments during the term in which they are entered and, in the exercise of sound discretion, may revoke them. This inherent power applies to all judgments, save those which are founded on verdicts. [Cits.]

*Allen v. Allen*, 218 Ga. 364, 365 (127 SE2d 902) (1962). Here, the trial court granted Cody's motion for new trial during the March 1999 Term, but did not vacate that order and deny the motion until May 26, 1999, which was in the next succeeding term. See OCGA § 15-6-3 (3). However, the State filed the motion for reconsideration on April 6, 1999, which was within the March 1999 Term. " 'The general principle obtains that a court can not set aside or alter its final judgment after the expiration of the term at which it was entered, *unless the proceeding for that purpose was begun during the term.*' [Cits.]" (Emphasis in original.) *Maxwell v. Cofer*, 201 Ga. 222, 226 (39 SE2d 314) (1946). This "general principle" applies in criminal, as well as civil, cases. *Platt v. State*, 200 Ga. App. 784 (409 SE2d 878) (1991). Therefore, the trial court clearly was authorized to vacate its order of March 26, "because the State's motion for reconsideration . . . was filed before the end of the term in which the court entered the order granting a new trial." *Platt v. State*, supra at 785.

The timing of the State's motion to strike Baker's testimony is immaterial, since the trial court had inherent jurisdiction to reconsider the grant of the motion for new trial and, in the exercise of that jurisdiction, to vacate its original order.

> A superior court retains plenary control over judgments entered during the term in which they are entered, and in the exercise of a sound discretion may revoke them, and such discretion will not be controlled unless manifestly abused. [Cit.]

*Hunter v. Gillespie*, 207 Ga. 574, 575 (63 SE2d 404) (1951). "When the motion to re-open the case was made at the same term of court at which the judgment was entered, the right to vacate the prior order lay within the discretion of the trial court. [Cits.]" *Conyers v. Fulton County*, 117 Ga. App. 649, 651 (1) (161 SE2d 347) (1968). Accordingly, the dispositive issue is not waiver based upon when the State moved to strike the testimony, but whether the trial court abused its discretion when it vacated its order of March 26. The trial court's conclusion that, upon a de novo reconsideration, it should discount, rather than credit, Baker's testimony was not a manifest abuse of discretion. Pursuant to the State's timely motion for reconsideration, the trial court was presented with the opportunity for another determination as to whether the alleged newly discovered evidence authorized the grant of a new trial. I submit that there is no such abuse of discretion in the trial court's conclusion that, contrary to its original inclination, Baker's testimony should be stricken and, consequently, that Cody's motion for new trial should be denied. See *Kelly v. State*, 209 Ga. App. 789, 793 (3) (434 SE2d 743) (1993). Therefore, when the correct analysis is applied in this case, I believe that the trial court's ruling that there was no newly discovered evidence mandating a retrial for Cody should be affirmed.

I am authorized to state that Justice Thompson and Justice Hines join in this dissent.

DECIDED NOVEMBER 23, 2004 —
RECONSIDERATION DENIED DECEMBER 9, 2004.

*Eldridge Suggs IV*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.