### 63221. SPRADLEY v. THE STATE.

DEEN, Presiding Judge.

The 15-year-old appellant was charged in the county juvenile court with the commission of delinquent acts including one burglary in March 1981, eight burglaries and robberies in April and two in May plus an aggravated assault. A hearing in accordance with Code § 24A-2501 resulted in a judgment transferring the case to the Superior Court of Chatham County on all but one of the allegations of delinquency.

The appellant contends that the transfer is erroneous because the trial court denied motions to suppress evidence and the delinquent's confession on the ground that the parent was not present at the hearing nor advised of Miranda warnings.

We affirm. It appears that the appellant had for the past several months lived not with his mother but with his sister and brother-in-law. The brother-in-law produced the appellant, went to the station with him, and remained throughout the interview. The reason for the mother's nonappearance was her refusal to attend the hearing, first on the basis that she had no means of transportation and then when told a car would be sent for her, that she was busy with other matters at the time, that she had no control over the appellant, and that he had "beat her up." Under the circumstances of this case, it does not appear that any valid interest of the child would be subserved by the presence of the mother. The search of the house was conducted with the consent of the brother-in-law who owned it, and numerous articles stolen from the various residences were turned up. The appellant was given the Miranda warnings prior to interrogation and stated that he understood them. From all the circumstances it appears that the detective properly treated the adult brother-in-law

as being in loco parentis. Examination by the court psychologist established that in the opinion of that witness the delinquent was of borderline mental ability for his age but was "streetwise" and very adept at court proceedings. It thus appears that every reasonable safeguard was employed in the juvenile's behalf at the transfer hearing.

Whether incriminating admissions and confessions by a juvenile may be admitted in evidence when taken absent the presence of the parents depends on the totality of the circumstances (*Riley v. State,* 237 Ga. 124, (226 SE2d 922) (1976)) and there is no per se exclusionary rule. The state must establish the voluntariness of the statements and all the surrounding circumstances. West v. United States, 399 F2d 467 (1968). While it appears that the appellant was at the police station with his brother-in-law from about 1:30 p.m. when the latter brought him in until about 5:00 p.m., during the first half of that time they merely waited while the detective was engaged in contacting the mother and attempting to obtain her presence. Although the appellant suffered from a reading disability his oral testimony indicates that he was of average understanding, and when all circumstances are considered neither *Crawford v. State,* 240 Ga. 321 (240 SE2d 824) (1977) nor *M. K. H. v. State,* 135 Ga. App. 565 (218 SE2d 284) (1975) requires a different result. As stated in *In the Interest of J. J. S.,* 246 Ga. 617 (272 SE2d 294) (1980), the transfer is sustainable where the court under Code § 24A-2501 finds reasonable grounds to believe that the interests of the child and of the community require legal restraint, which requirement encompasses a statutory discretion in balancing the child's best interests, including amenability to treatment, against the interests of the community in treating the child as an adult.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 5, 1982.

*Mark J. Nathan,* for appellant.
*Spencer Lawton, District Attorney, Robert M. Hitch III, Assistant District Attorney,* for appellee.