258 Ga. 52 (1988)
365 S.E.2d 820
IN RE K. S. J.
44842.
Supreme Court of Georgia.
Decided March 9, 1988.
Walter B. Harvey, Charles S. Thornton, for appellant.
Timothy G. Madison, District Attorney, Michael J. Bowers, Attorney General, for appellee.
BELL, Justice.
This is an appeal from an order of the Juvenile Court of Barrow County, transferring a case from that court to superior court pursuant to the provisions of OCGA § 15-11-39. A petition was filed in juvenile court accusing the appellant, a thirteen-year-old, of malice murder and felony murder, basing the latter charge on an allegation that the juvenile had stabbed the victim in the chest with a sharp object. The facts as developed at the hearing[1] on the motion to transfer showed that the appellant had stabbed the victim, his grammar school principal, to death with a nail file. The assault followed a heated discussion in the defendant's presence between the victim and the defendant's mother concerning a spanking the victim had administered to the defendant. We affirm.
1. Appellant contends that the court erred in finding that the child committed the offense of murder inasmuch as, according to appellant, the facts established only the offense of voluntary manslaughter. The appellee responds, first, that there is sufficient evidence to establish the offense of felony murder and, second, that there is a lack of evidence to establish the offense of voluntary manslaughter.
*53 OCGA § 15-11-39 (a) (3) states that the juvenile court may transfer an offense for prosecution in the superior court if "[t]he court in its discretion determines there are reasonable grounds to believe that: (A) The child committed the delinquent act alleged . . . ." This standard requires only that the court find that there are "reasonable grounds to believe" that the child committed the act alleged, not "proof beyond a reasonable doubt" as is required for a conviction. C. H. v. State, 148 Ga. App. 609 (3) (252 SE2d 22) (1979). Moreover, the court's determination, if based on evidence, will not be controlled by the appellate court. In the Interest of L. L., 165 Ga. App. 49 (299 SE2d 53) (1983).
OCGA § 15-11-39 (a) (4) provides that where the accused is a child aged thirteen or fourteen, the act committed must be one "for which the punishment is loss of life or confinement for life in a penal institution." Thus, where the court determines there are reasonable grounds to believe that a thirteen-year-old child committed the offense of felony murder, that child may be transferred for prosecution in the superior court. In the instant case, pretermitting deciding whether the evidence might support a finding that defendant is guilty of the offense of voluntary manslaughter, we find that the court did not abuse its discretion in finding that there were reasonable grounds to believe that the defendant committed felony murder by stabbing the victim to death with a nail file.
2. Appellant also contends that the court erred in finding the child is not committable to an institution for the mentally retarded or mentally ill. We disagree. OCGA § 15-11-39 (a) (3) (B) requires the court to find that there are reasonable grounds to believe "[t]he child is not committable to an institution for the mentally retarded or mentally ill . . . ." The determination that a child is not committable to an institution for the mentally retarded or mentally ill must be supported by competent evidence, and the burden of presenting such evidence lies with the state. L. K. F. v. State, 173 Ga. App. 770 (2) (328 SE2d 394) (1985).
In the instant case, the defendant was independently evaluated by three separate teams of mental health professionals, including two psychiatrists and a clinical psychologist. The diagnoses were in substantial agreement that the defendant suffered from a conduct disorder and an attention deficit disorder. There was also agreement that he was of average intelligence, and he was not psychotic. It was also established that he was competent to stand trial, that he could distinguish right from wrong, and that he was not suffering from any mental disorder or mental defect. Contrary to appellant's assertion, we hold that the state met its burden of proof that there were reasonable grounds to believe that the defendant was not committable to an institution for the mentally retarded or mentally ill.
*54 3. Finally, appellant contends that the court erred in finding the interests of the child and the community required placing the child under legal restraint and making the transfer, which is the third prerequisite of the transfer statute. OCGA § 15-11-39 (a) (3) (C). We disagree. In order to make such a finding the state has the burden of showing that the child is not amenable to treatment or rehabilitation. D. T. R. v. State of Ga., 174 Ga. App. 695 (331 SE2d 70) (1985). The juvenile court may transfer to the superior court a juvenile who is amenable to treatment if the juvenile court finds that the amenability factor is outweighed by the interests of the community in treating the child as an adult. In the Interest of J. J. S., 246 Ga. 617 (1) (272 SE2d 294) (1980); In re E. W., 256 Ga. 681 (2) (353 SE2d 175) (1987).
In the instant case, the court relied on the testimony of several experts that even with the most appropriate treatment available, the prognosis for the defendant's successful rehabilitation was guarded at best, and at worst, very poor. The court also found that the same experts concluded that the defendant had a propensity toward violence and was a danger to others. The court also concluded that if K. S. J. were treated as a juvenile, he would probably be incarcerated at a youth development center for a period of eighteen months, which would be an insufficient period of time to insure the optimal possibility of successful rehabilitation. Taking all this testimony into account, the court concluded that, despite the defendant's tender years, the interests of the community in trying the child as an adult outweighed the possibility that he could be amenable to treatment and rehabilitation. Because we find that there were reasonable grounds for the court to so conclude, we hold that the court did not abuse its discretion.
Judgment affirmed. All the Justices concur.
NOTES
[1] During the hearing the state argued only that there were reasonable grounds to believe that the juvenile had committed felony murder. The state did not pursue the accusation of malice murder.