A90A1699. IN THE INTEREST OF E. M., a child.
(402 SE2d 751)

COOPER, Judge.

Delinquency petitions filed in the juvenile court charged appellant with aggravated assault with intent to commit rape and robbery, motor vehicle theft, financial transaction card theft, financial transaction card fraud and attempted financial transaction card fraud. These charges stemmed from two separate incidents, both of which were admitted by appellant. In July 1989, several female real estate agents in Macon, Georgia, received calls from a young man who made appoint-

ments to see houses in expensive neighborhoods. On one or two occasions, male agents replaced the female agents on the appointments, and on those occasions, the caller never appeared. On another occasion, a female agent took her husband with her, and she later identified appellant as the person who looked at the house. Finally, one female agent met with appellant alone. The agent picked appellant up at a shopping center, took him to see a house where she sensed he was acting peculiar and then drove him back to the shopping center. He asked her to take him to the back of the shopping center, and when she stopped to let him out, he attacked her. He told her that he had a knife, forced her down in the back seat of her mini-van, began to kiss and fondle her and tore her clothes. As another car approached, the agent was able to escape the vehicle and run to safety. Appellant then took her vehicle, which contained her purse, and used her credit cards later that day to purchase large quantities of merchandise. Appellant was arrested for this attack but was released on bond. Two months later, while awaiting a hearing on the first offense, appellant went to a dog grooming shop in the afternoon to pick up his dog. The young female operator asked appellant to come to the kennels in the back to help her with the dog. On the way back to the front of the store, appellant grabbed the woman, forced her to the floor face-down, fondled her breasts and demanded the keys to her car. As the woman struggled to her feet, appellant tore off her shirt, forced her to the ground and again began to fondle her. As another customer came into the store, the appellant ran away and was later apprehended by the police. Appellant was committed to Central State Hospital for a complete psychological evaluation, and the ensuing report stated that appellant did not meet the criteria for a mentally ill person and did not require hospital treatment. The report went on to state, "[o]nce he has experienced appropriate consequences for his antisocial behavior, it would be imperative that he receive outpatient psychotherapy in order to attempt to prevent future occurrences of antisocial behavior, preferably as a condition of release. Without appropriate intervention, his prognosis is poor; this could be improved with appropriate after-care treatment." The State moved to transfer the case to superior court and at a transfer hearing, the State argued that the recommendations of the psychological report — appropriate consequences for appellant's behavior and supervised outpatient treatment — would best be achieved by utilizing the adult criminal system. The State contended that the probationary features of the adult system would best monitor and assure continuing outpatient treatment, and the adult system was thereby in the best interests of the child and the community. The juvenile court granted the transfer, finding "that the seriousness and the frequency of the delinquent acts, indicate that severe consequences are necessary to correct the conduct of the child,

and the child's interest would best be served by the child being placed under legal restraint and transferring the case to the Superior Court. The Court finds that the seriousness of the alleged acts requires that the cases be transferred to the Superior Court to be tried as crimes in the best interest of the community." Appellant herein appeals this order.

Appellant's two enumerations of error will be considered together. Appellant first contends that the juvenile court erred in finding that the interest of the child and the community necessitated the transfer, and argues specifically that the court's order relies on the child's non-amenability to treatment in the juvenile system and, contrary to controlling law, the court's order does not state the basis for the non-amenability. Secondly, the appellant argues that the State relied on the child's non-amenability to treatment in the juvenile system and failed to meet its burden to prove such non-amenability. Agreeing with appellant that the transfer was in error, we reverse.

OCGA § 15-11-39 (a) (3) (C) allows a juvenile court to transfer a case to superior court if in the court's discretion it determines that there are reasonable grounds to believe that the child committed the acts alleged, the child is not committable to an institution for the mentally infirm, the child was at least 15 years old when the alleged acts occurred and if "[t]he interests of the child and the community require that the child be placed under legal restraint and the transfer be made." Appellant stipulated that the first three requirements for a transfer were satisfied and the only task before the juvenile court was to perform the balancing test required by the last criteria. A juvenile's amenability to treatment in the juvenile system is subsumed under the concept, "the interest of the child" as set forth in the statute. See *In the Interest of J. J. S.*, 246 Ga. 617 (1) (272 SE2d 294) (1980). In the recent case of *State v. M. M.*, 259 Ga. 637 (386 SE2d 35) (1989), the Georgia Supreme Court established certain guidelines regarding the determination of amenability. The second guideline provides: "[i]f the state seeks a transfer based at least in part on the child's non-amenability to treatment in the juvenile system, the state has the burden of proving the child is not amenable to treatment. Moreover, if the juvenile court relies in part on the child's non-amenability to treatment in ordering the transfer, the transfer order, in performing the balancing test required by § 15-11-39 (a) (3) (C), must reflect why the child is not amenable to treatment. [Cit.]" Id. at 639. In the instant case, the State did base its transfer request, at least in part, on appellant's non-amenability to treatment in the juvenile system by arguing that appellant would not be satisfactorily rehabilitated due to the probationary features of the juvenile system as opposed to those in the adult system.

Further, the court's order indicates that the court included in the

balancing test a determination that the appellant was not amenable to treatment in the juvenile system since the "severe consequences" attendant to the adult system were "necessary" to correct appellant's conduct. Although the State and the court's order relied on non-amenability, no proof of such was offered. Appellant had no prior record and had no previous experience in the juvenile system. The psychological report does not indicate that the juvenile system would be inappropriate or ineffective for appellant's treatment and rehabilitation. In short, the State did not meet its burden to prove appellant's non-amenability to juvenile treatment, and the court's order did not reflect why appellant was not amenable to such treatment. The decision in the *M. M.* case and the third guideline set forth therein are not applicable herein in that it was conceded in *M. M.* that the defendant was amenable to treatment in the juvenile system. The *M. M.* court nevertheless determined that the heinous nature of the crime and the community's interest outweighed the juvenile's interest in the juvenile treatment. Appellant's amenability to treatment as a juvenile is not conceded herein but is instead questioned and disputed by the State. We acknowledge that "[t]he function of this court is limited to ascertaining whether some evidence exists to support the juvenile court's determination. ' "Determinations of a juvenile court made on an exercise of discretion if based upon evidence, will not be controlled by this court." [Cit.]' " *In the Interest of R. J.*, 191 Ga. App. 712 (3) (382 SE2d 671) (1989). Having found no proof and no evidence to support appellant's non-amenability to treatment as a juvenile, we determine that the trial court's decision to transfer this case to the superior court must be reversed.

*Judgment reversed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991 —
REHEARING DENIED FEBRUARY 27, 1991 —

*Brogdon & Green, Leigh G. Brogdon*, for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.