A94A2218. In the Interest of C. D. B., a child.
(449 SE2d 1)

Blackburn, Judge.

This is an appeal from an order of the juvenile court of Lee County transferring the prosecution of a 15-year-old for the offenses of felony murder, aggravated assault, and discharge of a firearm near a public street, to the superior court pursuant to OCGA § 15-11-39.

The evidence produced at the motion to suppress hearing showed that at approximately 11:00 p.m. on December 24, 1993, C. D. B., his mother, and his 22-year-old brother heard two gunshots outside of their home. When C. D. B. and his brother proceeded outside, they noticed the headlights of a vehicle in an adjacent field, which were subsequently dimmed. At the instruction of his brother, who thought that the occupants of the vehicle were poachers, C. D. B. retrieved a .270 caliber rifle while his brother retrieved a 12-gauge shotgun and both fired shots at the truck as the truck swerved onto their property.

C. D. B.'s mother reported to the local police department that she heard poachers shooting near her residence who left in a small truck, and requested that an officer investigate the incident. Approximately five minutes later, the driver of a truck and a wounded passenger appeared at the sheriff's office, and the driver indicated that the truck and the wounded victim had been shot in the vicinity of C. D. B.'s residence after the victim fired a shot from a rifle at deer. After the investigating officers received a telephone call from C. D. B.'s brother concerning the investigation, the officers realized the truck and its occupants were involved in the shooting at C. D. B.'s home, and requested that C. D. B., his brother, and his mother report to the police precinct for questioning.

Prior to his 1:20 a.m. interview, C. D. B. was not apprised of his *Miranda* warnings and his mother was not allowed to be present during the interview. He admitted that he fired shots from a rifle at a truck near his home, but could not identify the victim's truck as the truck in question. His brother and mother and the truck driver also provided the investigating officers with statements concerning the occurrence. Two days later, the passenger of the truck died from injuries that he received when he was shot with a rifle during the incident.

1. C. D. B. initially asserts that the trial court erred in denying his motion to suppress his incriminating statement made during questioning at the police precinct because the investigating officer failed to apprise him of his *Miranda* rights. However, C. D. B. was not in custody at the time the incriminating statement was made. Although C. D. B. informed the trial court that he did not feel that he could leave during questioning, C. D. B. voluntarily reported to the police station at the request of an investigating officer to answer questions

concerning an investigation which was initiated by his mother.

"For Miranda to apply a person must be taken into custody or otherwise deprived of his freedom of action in any significant way. Miranda warnings are not required simply because questioning takes place in a building containing jail cells. There is no indication that the defendant had been taken into custody or otherwise deprived of his freedom of action in any significant way by action of the officers when he made his [incriminating] statement to the police. [C. D. B.'s] statement was admissible as a statement made prior to any in-custody interrogation." (Citations and punctuation omitted.) *Wilson v. State*, 208 Ga. App. 812, 813 (2) (432 SE2d 211) (1993).

2. Next, C. D. B. maintains that the trial court abused its discretion in failing to adequately consider C. D. B.'s amenability to treatment in view of the absence of evidence that the interest of the community mandated a transfer to the superior court. We disagree.

"OCGA § 15-11-39 (a) (3) (C) allows a juvenile court to transfer a case to superior court if in the court's discretion it determines that there are reasonable grounds to believe that the child committed the acts alleged, the child is not committable to an institution for the mentally infirm, the child was at least 15 years old when the alleged acts occurred and if 'the interests of the child and the community require that the child be placed under legal restraint and the transfer be made.' " *In the Interest of E. M.*, 198 Ga. App. 729, 731 (402 SE2d 751) (1991). C. D. B. concedes that there are reasonable grounds to believe that he committed the delinquent acts alleged and that he is not committable to an institution for the mentally retarded or mentally ill. However, C. D. B. argues that the State did not prove that his interest and the interest of the community required that he be placed under legal restraint and that a transfer be made.

In this case, the State argued that although C. D. B. was amenable to treatment in the juvenile system as demonstrated by the evidence presented by C. D. B., which included testimony of a psychologist and other members of the community, the interest of the community mandated a transfer, and thus, did not have to prove the juvenile's amenability to treatment. See *State v. M. M.*, 259 Ga. 637 (2) (386 SE2d 35) (1989). However, contrary to C. D. B.'s assertions, the trial court did recognize that the child was amenable to treatment in the juvenile system but concluded that the community's interest in treating the child as an adult was paramount based in part upon the superior court's exclusive jurisdiction over the adult participant and the fact that the acts were done by the juvenile and the adult in concert. "[A] child's amenability or non-amenability to treatment is but one factor to consider in determining the child's and the community's interests." Id. at 639. Considering the severity of the crimes involved and the involvement of an adult offender, we conclude that the juve-

nile court had a sufficient basis for finding that the community's interest mandated C. D. B.'s adjudication in the adult system. See *Waller v. State*, 261 Ga. 830 (2) (412 SE2d 531) (1992); *State v. M. M.*, supra.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 29, 1994 —
RECONSIDERATION DENIED SEPTEMBER 16, 1994 —

*Geer & Rentz, Donald D. Rentz,* for appellant.
*John R. Parks, District Attorney,* for appellee.