A95A0575. IN THE INTEREST OF K. S. K., a child.
(454 SE2d 165)

BLACKBURN, Judge.

The appellant, K. S. K., a juvenile, appeals the order of the Cobb County Juvenile Court transferring the case to superior court for prosecution pursuant to OCGA § 15-11-39.

On February 13, 1994, K. S. K. was involved in a multiple vehicle collision which resulted in three deaths and serious injuries to other individuals while traveling as a group on Mableton Parkway with two other cars. K. S. K. had consumed alcohol and marijuana prior to the collision. K. S. K. lost control of the vehicle as he attempted to pass a vehicle within the group at the speed of 90 mph. At the time of the incident, K. S. K. was 16 years old. The instant petition was subsequently filed charging him alternatively with six counts of homicide by vehicle in the first degree, and one count each of speeding, reckless

driving, driving on roadways laned for traffic, operating a motor vehicle without a valid license plate, and driving under the influence of drugs.

1. Initially, K. S. K. maintains that the trial court erred in overruling his objections to the State's use of prior incidents as similar transactions because the transactions were not substantially similar to the subject occurrence. The trial court limited the admission of evidence on K. S. K.'s prior offenses of underage possession of alcohol, possession of marijuana, and unauthorized use of his parent's vehicle, solely to the issue of his amenability to treatment in the juvenile system and they were properly admitted for that limited purpose. The record does not show that K. S. K. objected to the trial court's use of the prior offenses on any other ground. Hence, this enumeration presents nothing for appellate review. "An objection on a specific ground at trial waives any objection to that evidence on other grounds on appeal." (Citations and punctuation omitted.) *Elrod v. State*, 208 Ga. App. 787 (1) (432 SE2d 808) (1993).

2. K. S. K. further asserts that the trial court abused its discretion in transferring the case to the superior court.

OCGA § 15-11-39 (a) provides that a trial court may transfer an offense committed by a juvenile to the appropriate court having jurisdiction of the offense if the court in its discretion determines that there are reasonable grounds to believe that the child committed the delinquent act alleged, the child is not committable to an institution for the mentally retarded or mentally ill, the interest of the child and the community require that the child be placed under legal restraint and the transfer be made, and the child is at least 15 years of age at the time of the delinquent conduct. "Under OCGA § 15-11-39 it is the duty of the juvenile court to determine whether there are reasonable grounds to believe that the criteria enumerated and subsumed by Subsection (a), Par. (3), have been established. The function of the appellate court is limited to ascertaining whether there was some evidence to support the juvenile court's determination. Determinations of a juvenile court made on an exercise of discretion, if based upon evidence, will not be controlled by this court." (Citation and punctuation omitted.) *In re E. W.*, 256 Ga. 681, 683 (353 SE2d 175) (1987).

It is undisputed that K. S. K. was 16 years old at the time of the collision and K. S. K.'s counsel and the prosecutor stipulated that the minor was not committable to an institution for the mentally retarded or mentally ill. It is also undisputed that substantial evidence was presented that K. S. K. committed the delinquent acts alleged. The only requirement at issue was whether the interest of the child and the community required legal restraint and that the transfer be made. See OCGA § 15-11-39 (a) (3) (C).

In this case, the trial court's order contains specific findings of

fact as to why K. S. K. is not amenable to prosecution in the juvenile system and these findings are supported by the evidence produced at the hearing. Particularly, the evidence shows that K. S. K. has previously taken his parents' automobile without their permission and was involved in a collision while speeding with another vehicle, in 1992, took a soccer ball from two youths using a toy gun, he frequently consumes alcohol, and admittedly smokes marijuana on a regular basis. Because of K. S. K.'s habitual acts of delinquency and the gravity of the offenses involved in the present petition, the community's interest in treating him as an adult outweighed his interest in remaining in the juvenile system sufficient to warrant the transfer. See *State v. M. M.*, 259 Ga. 637 (3) (386 SE2d 35) (1989).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 8, 1995.

*Charles W. Lane*, for appellant.

*Thomas J. Charron, District Attorney, Richard Edwards, Assistant District Attorney*, for appellee.