S94A1630. IN THE INTEREST OF A. P. W., a child.
(453 SE2d 457)

THOMPSON, Justice.

A delinquency petition was filed, alleging that the 16-year-old appellant had committed the criminal offense of murder. The juvenile court conducted a hearing pursuant to OCGA § 15-11-39, to determine whether the offense should be transferred for prosecution to the superior court. The juvenile court ordered the transfer, and this appeal followed.

1. Before transfer of jurisdiction from juvenile court to superior court can be ordered, the juvenile court must in its discretion find, inter alia, there are reasonable grounds to believe that the child committed the delinquent act alleged, OCGA § 15-11-39 (a) (3) (A), and the interests of the child and the community require that the child be placed under legal restraint and the transfer be made, OCGA § 15-11-39 (a) (3) (C). *In the Interest of R. B.*, 264 Ga. 602 (448 SE2d 690) (1994). Appellant contends that neither requirement was satisfied.

2. With regard to OCGA § 15-11-39 (a) (3) (A), appellant admits firing the fatal shot, but asserts that the affirmative defense of justification precludes a finding that he committed the delinquent act alleged. Alternatively, he asserts that the elements of provocation and mutual combat reduced the act to a lesser offense.

---

The function of the juvenile court under OCGA § 15-11-39 (a) (3) (A) is to determine whether "reasonable grounds" exist to believe the child committed the alleged act; it does not require proof beyond a reasonable doubt as for a conviction. *In re K. S. J.*, 258 Ga. 52 (1) (365 SE2d 820) (1988). Appellant's proffered defenses are for the trier of fact to consider at trial. The evidence supports the court's finding that reasonable grounds exist to believe appellant committed the offense of murder.

3. With regard to OCGA § 15-11-39 (a) (3) (C), the juvenile court found that the nature of the crimes alleged and the manner in which they were committed demonstrate a callous and wanton disregard for the value of human life, and that the juvenile is not amenable to treatment or rehabilitation through the juvenile court. The record shows that appellant had a five-year history of treatment in the juvenile system resulting from criminal offenses escalating in severity, including a recent charge of carrying a concealed weapon and carrying a pistol without a license. The juvenile court correctly balanced the appellant's interest in treatment in the juvenile court system against the community's interest in treating him as an adult. This discretionary determination is based on the evidence and will not be disturbed by this Court. *In re K. S. J.*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 1995.

*Peter D. Johnson,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.