A98A1897. IN THE INTEREST OF S. B. B., a child.
(507 SE2d 879)

JOHNSON, Presiding Judge.

Sixteen-year-old S. B. B. was charged with armed robbery and aggravated assault. After a hearing, the juvenile court ordered the case transferred to superior court pursuant to OCGA § 15-11-39. S. B. B. appeals, alleging the state failed to prove: (1) that he participated in the acts alleged; and (2) that he was not amenable to treatment in the juvenile system. For the following reasons, we affirm.

OCGA § 15-11-39 (a) (3) provides in relevant part that a juvenile court may transfer a case to an appropriate court if, in its discretion, it determines there are reasonable grounds to believe the child committed the delinquent acts alleged; the child is not committable to an institution for the mentally ill or retarded; and the interests of the child and the community require that the child be placed under legal restraint and the transfer be made.

1. *Evidence that S. B. B. participated in the acts alleged.* "The function of the appellate court is limited to ascertaining whether there was some evidence to support the juvenile court's determination. Determinations of a juvenile court made on an exercise of discretion, if based upon evidence, will not be controlled by this court." (Citation and punctuation omitted.) *In the Interest of K. S. K.*, 216 Ga. App. 257, 258 (2) (454 SE2d 165) (1995).

The victim testified that a group of four or five boys she knew entered the convenience store where she worked as a cashier. As the boys browsed and used the microwave oven, the victim spoke to them, and they spoke back. As she walked toward the counter, one of the boys came behind her, grabbed her around the throat and pulled her to the ground. She was beaten and stomped, and her face and ear were severely cut with a sharp object. Cigarettes, lottery tickets and cash were taken from the store. S. B. B. initially denied having any knowledge of the offenses, then eventually stated that he was present in the store but that his friends committed the assault and robbery. The victim identified S. B. B. in a photographic array and in court as one of her assailants. The evidence amply supports the juvenile court's finding that reasonable grounds exist to believe S. B. B.

committed the delinquent acts charged. See generally *In the Interest of K. L. L.*, 204 Ga. App. 320, 321 (2) (419 SE2d 312) (1992).

2. *Amenability to treatment.* The state did not seek a transfer based on non-amenability to treatment, and the juvenile court did not rely on that ground in ordering the transfer. Instead, based on the severity and viciousness of the offenses, the juvenile court found that the public interest in treating S. B. B. as an adult outweighed his interest in being treated as a juvenile. It is not necessary to prove the juvenile's amenability to treatment in the juvenile system where the interest of the community mandates a transfer. *In the Interest of C. D. B.*, 214 Ga. App. 655, 656 (2) (449 SE2d 1) (1994); see *In the Interest of A. G.*, 265 Ga. 481 (458 SE2d 343) (1995). The juvenile court did not abuse its discretion in ordering the matter transferred to superior court. *In the Interest of A. F.*, 214 Ga. App. 440, 442 (2) (448 SE2d 11) (1994).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 16, 1998.

*Pete, Pete & Associates, Anthony T. Pete*, for appellant.
*Harry N. Gordon, District Attorney, Kirk M. Thomas, Assistant District Attorney*, for appellee.