A99A1418. In the Interest of J. L. B., a child.

(523 SE2d 645)

Andrews, Presiding Judge.

J. L. B. appeals from a juvenile court order transferring her case from that court to the superior court under the provisions of OCGA § 15-11-39. Because the juvenile court's determination is supported by the evidence in the record, we affirm.

The case arose when J. L. B., who was fourteen at the time, and two other juveniles stole a car belonging to the father of one of the youths and ran away. The car broke down, and the three juveniles walked to the house of someone J. L. B. knew through school, Denise McClure. J. L. B. asked McClure to take them to a nearby trailer park. After the three runaways were in the van, they told McClure that she must take them to Alabama. When McClure refused, one of the girls, not J. L. B., held a butcher knife to McClure's throat and told her to stop driving and give her the keys.

McClure stopped the van and got out. One of the other juveniles began driving and, when officers tried to stop the van, refused to stop and sped up with the officers in pursuit. At some point, the van ran out of gas, and all three of the youths jumped out of the van while it was still coasting. Officers caught them almost immediately. When the officers searched J. L. B.'s belongings, they found another butcher knife in her bag.

J. L. B. was charged with armed robbery, aggravated assault, hijacking, and runaway. The State petitioned the juvenile court to transfer the case to superior court, and the court granted that petition. This appeal followed.

A juvenile court may transfer an offense for prosecution in the superior court if the court determines there are reasonable grounds to believe that (1) the child committed the delinquent act; (2) the child is not mentally ill; (3) the interests of the child and the community require that the child be placed under legal restraint and the transfer be made; and (4) the child was at least 15 years of age at the time of the alleged delinquent conduct or the child was 13 or 14 years of age at the time and committed an offense for which the punishment is loss of life or confinement for life in a penal institution. OCGA § 15-11-39 (a) (3), (4). The juvenile court found that J. L. B. was charged with armed robbery, a crime punishable by life imprisonment, that there were reasonable grounds to believe she committed the delinquent acts, that she was not mentally ill, and that J. L. B. was not amenable to treatment in the juvenile system. This last factor, combined with the seriousness of the offenses, led the juvenile court to conclude that it was in the best interests of the child and the community that the case be transferred to the superior court.

On appeal from this determination, J. L. B. claims the court

erred in two ways. First, she argues there were not reasonable grounds to believe that she committed armed robbery and second, there was not sufficient evidence to find that she would not be amenable to treatment in the juvenile system.

When considering an order of the juvenile court transferring jurisdiction,

> the function of this court is limited to ascertaining whether some evidence exists to support the juvenile court's determination. Determinations of a juvenile court made on an exercise of discretion[,] if based upon evidence, will not be controlled by this court.

(Punctuation omitted.) *In the Interest of E. M.*, 198 Ga. App. 729, 732 (402 SE2d 751) (1991).

1. J. L. B. first argues the juvenile court erred because the State did not establish that she committed the offense of armed robbery. Specifically, J. L. B. argues there is no evidence she was a party to the crime of armed robbery. She contends the State did not establish any proof of a common criminal intent between the juveniles to commit the offense. But, the statute requires only that the court find there were "reasonable grounds" to believe the child committed the crime, not proof beyond a reasonable doubt. *In re K. S. J.*, 258 Ga. 52 (365 SE2d 820) (1988).

There were reasonable grounds to determine J. L. B. was a party to the crime of armed robbery. Everyone concerned in the commission of a crime is a party to that crime and may be charged and convicted. A person is "concerned" in the commission of a crime if he intentionally aids or abets in the commission of the crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime. OCGA § 16-2-20. Here, the juvenile court could have reasonably concluded from the evidence that there was a common criminal intent between the juveniles to take the van from McClure by using the butcher knife. OCGA § 16-8-41. There was evidence that both girls were carrying butcher knives, that J. L. B. was the one who talked McClure into giving them a ride, that the juveniles originally intended to go to Florida, and that they intended either to force McClure to take them there or to drive her van there themselves. Thus, the evidence supports the juvenile court's finding that reasonable grounds exist to believe J. L. B. committed the acts alleged. *In the Interest of S. B. B.*, 234 Ga. App. 778-779 (507 SE2d 879) (1998).

2. J. L. B. also argues the juvenile court erred in finding that there was only a "slim chance" that she would be amenable to treatment in the juvenile system. We disagree.

At the time of the hearing on this motion, J. L. B. had two pend-

ing delinquency charges and two pending unruliness charges. Other than these charges, J. L. B. had not been involved with the juvenile justice system before. The evidence at the hearing was that J. L. B. had been in therapy for about three years but showed no improvement. The psychologist who evaluated J. L. B. said she was not mentally retarded or mentally ill and knew right from wrong. J. L. B. was a substance abuser and appeared to suffer from, among other things, oppositional defiant disorder. The psychologist recommended long-term intensive therapy in a secure environment. But she said this would be effective only if J. L. B. were to accept it.

The juvenile justice system representative, however, said that based on J. L. B.'s psychological profile and the severity of the charges, she could not recommend placement at one of the long-term treatment centers. When asked whether there was anything the juvenile justice system could offer J. L. B. if she were treated as a juvenile, she replied there was not; the only possible treatment under the juvenile system would be as a "designated felon," and she did not consider this an "appropriate treatment."

The trial court properly considered the evidence on whether J. L. B. was amenable to treatment in the juvenile system.

> [W]hether a child is amenable to treatment in the juvenile system is a factor to consider in determining the child's and the community's interest. If the evidence shows the child is not amenable to treatment, the child's interest in treatment in the juvenile system is minimized because of the treatment's potential ineffectiveness, and, because of that ineffectiveness, the community has an interest in treating the child as an adult.

*State v. M. M.*, 259 Ga. 637, 639 (2) (a) (386 SE2d 35) (1989). Moreover, even if there is evidence that the child may be amenable to treatment, the juvenile court may still transfer the case if it finds that the amenability factor is outweighed by the interest of the community in treating the child as an adult. *In re K. S. J.*, 258 Ga. 52, 54 (365 SE2d 820) (1988).

In this case, the juvenile court's order is thorough and well reasoned. It lays out in great detail all the factors it considered in determining that J. L. B. would not likely be amenable to treatment in the juvenile system. The court noted that J. L. B. would not be amenable to outpatient, insight-oriented treatment and that she was too dangerous for placement in a secure, residential setting.

The court's order also shows that the court balanced the child's interest in being treated in the juvenile system, including amenability to treatment, against the community's interest in treating the

child as an adult. *Waller v. State*, 261 Ga. 830, 831 (412 SE2d 531) (1992). The judge observed J. L. B.'s behavior in court and concluded that she was not concerned with the issues facing her. The court noted that she had been in mental health treatment for three years with no apparent improvement and refused to take medication when prescribed.

Accordingly, there was sufficient evidence to support the juvenile court's determination that J. L. B. showed only a slim chance of being amenable to treatment in the juvenile system, and therefore, because of the serious nature of the offenses, the interests of the community and the child would be better served if the case were transferred to superior court. We find no abuse of discretion in the juvenile court's determination.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 19, 1999 —
RECONSIDERATION DENIED NOVEMBER 3, 1999 — ▆▆▆▆▆▆▆

*David L. Smith*, for appellant.
*James R. Osborne, District Attorney, Fred A. Lane, Jr., Assistant District Attorney*, for appellee.

