A06A1258. IN THE INTEREST OF S. K. K. et al., children.
(635 SE2d 263)

RUFFIN, Chief Judge.

Fifteen-year-olds S. K. K. and H. E. A. were each charged with first degree arson, four counts of attempted murder, and criminal trespass. Following a hearing, the juvenile court initially denied the State's request to transfer the cases to superior court pursuant to OCGA § 15-11-30.2. Thereafter, the juvenile court granted the State's motion to reconsider and transferred the case to superior court. S. K. K. and H. E. A. appeal, alleging that the evidence failed to support the transfer. S. K. K. also argues that the juvenile court erred by failing to offer reasons in support of the transfer in its order. H. E. A. further alleges that the lower court's ruling should be reversed because criminal prosecution in the superior court is too severe. For the reasons that follow, we affirm.

Pursuant to OCGA § 15-11-30.2, a juvenile court may transfer a case to an appropriate court if, in its discretion, it determines that

> there are reasonable grounds to believe that . . . [t]he child committed the delinquent act alleged; . . . [t]he child is not committable to an institution for the mentally retarded or mentally ill; . . . [t]he interests of the child and the community require that the child be placed under legal restraint

---

[8] *Castillo*, supra.

and the transfer be made; and ... [t]he child ... [w]as at least 15 years of age at the time of the alleged delinquent conduct.[1]

We hold that under the circumstances of this case, the juvenile court did not abuse its discretion in transferring this case to superior court.

1. S. K. K. and H. E. A. allege that the evidence does not support the transfer of the case to the superior court because reasonable grounds did not exist to believe that they committed the delinquent acts. "The function of the appellate court is limited to ascertaining whether there was some evidence to support the juvenile court's determination. Determinations of a juvenile court made on an exercise of discretion, if based upon evidence, will not be controlled by this court."[2]

At the transfer hearing, a sheriff's deputy testified that he had a verbal altercation with S. K. K. regarding the deputy's 15-year-old stepdaughter, April, who lived with the deputy, his wife, and three other children. April testified that later that week, while she was out of town, S. K. K. and H. E. A. told her during a telephone conversation that they were going to "burn your mother f-cking house down." H. E. A. warned April to "please don't come home."

That same night, April's mother was awakened by the smell of smoke and managed to get herself and three children out of their burning trailer. The police responded to the emergency call at approximately 1:30 a.m. and found the trailer engulfed in flames. April's stepfather and another police officer ran into the burning trailer, not realizing that the children had already escaped.

An officer testified that he observed S. K. K. and H. E. A. standing in the road near the trailer soon after he responded to the emergency call. According to the officer, they were the only civilians present in the area other than the family that lived in the trailer. Finally, H. E. A.'s sister testified that she smelled "gas" when H. E. A., S. K. K., and another male returned to her trailer between 12:30 a.m. and 1:00 a.m.

Thus, we find that there was evidence to support the juvenile court's determination that there were reasonable grounds to believe that S. K. K. and H. E. A. committed the alleged delinquent acts.[3]

2. S. K. K. and H. E. A. also argue that the juvenile court erred in determining that the interests of the children and community merited a transfer to superior court. We disagree.

---

[1] OCGA § 15-11-30.2 (a) (3) (A)-(C), (4) (A).

[2] (Punctuation omitted.) *In the Interest of S. B. B.*, 234 Ga. App. 778 (1) (507 SE2d 879) (1998).

[3] See *In the Interest of D. W. B.*, 259 Ga. App. 662, 662-663 (2) (577 SE2d 819) (2003).

Although there was some evidence that at least one of the children would benefit from treatment, the State did not seek the transfers based on claims that they were not amenable to treatment in the juvenile system, and the juvenile court did not rely on that ground in its transfer orders. Instead, the State proceeded based upon the seriousness of the crimes and under the theory that the interests of the community far outweighed the interests of the children. And

> [a] juvenile court may transfer to the superior court a juvenile who is amenable to treatment if the juvenile court finds that the amenability factor is outweighed by the interests of the community in treating the child as an adult. In such cases, the State is not required to prove non-amenability to treatment, and the transfer order need not reflect why the child is not amenable. Instead, the order must balance the child's interest in treatment in the juvenile system, including but not limited to his amenability to treatment, against the community's interest in treating the child as an adult.[4]

During the transfer hearing, the juvenile court commented on the severity of the crimes alleged, describing them as "reprehensible" and "heinous." The court went on to say that "[t]he only thing this [c]ourt struggles with at this point is that you are juveniles, and that an adult court system is extremely severe, and that there's no rehabilitation at that point."

In its initial order, the juvenile court denied the transfer, finding that it was not in the interest of the children or the community to transfer the cases because there was evidence that S. K. K. could benefit from treatment and that juvenile programs are more successful at rehabilitating children and because of the "severity of criminal prosecution in the adult [s]uperior [c]ourt." Thereafter, the court granted the State's motion to reconsider and transferred the cases to superior court, finding that the interests of the community and the children required the transfer. Specifically, the court concluded that because of the children's ages, there would be insufficient time for the juvenile system to provide adequate treatment in a secure facility,

---

[4] (Citation omitted.) *In the Interest of B. J. W.*, 247 Ga. App. 437, 440 (2) (543 SE2d 811) (2000).

and that the children would be provided sufficient treatment if tried and convicted in superior court under the Georgia Youthful Offender Act of 1972.[5]

We conclude that there was evidence to support the juvenile court's determination that the children's interest in treatment in the juvenile system was outweighed by the community's interest in treating them as adults.[6] Furthermore, notwithstanding S. K. K.'s assertions to the contrary, the juvenile court did set forth the basis for its decision to transfer. Accordingly, the juvenile court did not abuse its discretion in ordering the transfers.[7]

3. H. E. A. broadly asserts that "[t]he severity of criminal prosecution in the adult [s]uperior [c]ourt, if convicted, is far too severe for a juvenile, even under the Youthful Offender Act."[8] Although his argument in this regard is not entirely clear, he seems to suggest that the mere fact that he would receive less favorable treatment in superior court warrants reversal. We disagree.

"Treatment as a juvenile is not an inherent right but one granted by the state legislature, therefore, the legislature may restrict or qualify that right as it sees fit, as long as no arbitrary or discriminatory classification is involved."[9] The legislature has specifically approved the transfer of juvenile delinquency petitions to an appropriate adult court provided that the juvenile court makes certain findings regarding the child, the acts alleged, and the interests of the community and the child.[10] The juvenile court in this case made the requisite findings and, for the reasons discussed in Divisions 1 and 2, it did not abuse its discretion in transferring H. E. A.'s case to the superior court.

---

[5] OCGA § 42-7-1 et seq.

[6] *In the Interest of J. N. B.*, 263 Ga. 600, 600-601 (1) (436 SE2d 202) (1993) (transfer to superior court proper based upon juvenile court's conclusion that child could not receive appropriate treatment in a secure juvenile facility for the necessary period of time); see also *In the Interest of D. W. B.*, supra at 663 (3).

[7] See *In the Interest of J. B. H.*, 241 Ga. App. 736, 739 (2) (527 SE2d 18) (2000).

[8] We note that H. E. A.'s brief violates Court of Appeals Rule 25 (c) (1), which provides that "[t]he sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly." Although H. E. A. enumerates three errors, his brief contains only one unnumbered argument apparently intended to cover all enumerations. The rule "is more than a mere formality. It is a requirement which this Court imposes to ensure that all enumerations of error are addressed and to facilitate review of each enumeration." *John Crane, Inc. v. Wommack*, 227 Ga. App. 538 (1) (489 SE2d 527) (1997). By failing to comply with the rule, H. E. A. has impeded our review of his assertions and has risked the possibility that certain enumerations will not be addressed. To the extent that H. E. A. has failed to support this enumeration with citation of authority or argument, we deem this enumeration abandoned. Nevertheless, we will attempt to address it insofar as possible given the limitations of his brief.

[9] (Punctuation omitted.) *In the Interest of J. J. S.*, 246 Ga. 617, 618 (1) (272 SE2d 294) (1980).

[10] OCGA § 15-11-30.2 (a).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 2, 2006.

C. Jean Bolin, Robert H. Baer, Craig T. Pearson, for appellants.

Tom Durden, District Attorney, Claira E. Mitcham, Assistant District Attorney, for appellee.