## A99A1955. MIDDLEBROOKS v. THE STATE.
(540 SE2d 648)

BARNES, Judge.

In *Middlebrooks v. State*, 241 Ga. App. 193 (526 SE2d 406) (1999), we affirmed Middlebrooks's conviction and sentence for hijacking a motor vehicle. In *Middlebrooks v. State*, Case No. S00C0558 (March 24, 2000), the Supreme Court granted the appellant's petition for writ of certiorari solely in regard to petitioner's argument made on the basis of *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999).[1] It then remanded the case to address all issues raised in Middlebrooks's argument in support of his first and fourth enumerations of error.

A very close review of Middlebrooks's brief reveals two additional arguments made but not addressed: whether the trial court erred (1) in failing to charge the jury, sua sponte, on withdrawal by a co-conspirator and (2) in overruling Middlebrooks's objection to certain hearsay testimony. We conclude the trial court did not so err and again affirm Middlebrooks's conviction and sentence.

1. The trial court did not err in failing to charge the jury, sua sponte, on withdrawal by a co-conspirator. While Middlebrooks claims on appeal that withdrawal was his sole defense, no evidence of withdrawal was presented at trial that would have supported such a charge. Thus, the trial court did not err.

2. Over a hearsay objection, the investigating officer was permitted to testify about the victim's description of the carjacking. The trial court ruled that the testimony was admissible because the victim had already testified and was available for cross-examination, and because it explained the officer's conduct. "Evidence of what

---

[1] The court in *Felix* held that "where the enumeration of errors filed in the appellate court identifies the trial court ruling asserted to be error, the error relied upon is sufficiently 'set out separately'" to require review. Id. at 539.

someone told an officer is admissible to explain the officer's conduct only in 'rare instances.' Prosecutors and trial judges would be well advised to walk wide of error in the proffer and admission of such evidence." (Citations and punctuation omitted.) *McKenzie v. State*, 271 Ga. 47, 48 (2) (518 SE2d 404) (1999). In this case, the officer's recounting of the witness's statement does not explain his conduct in relation to the actions he took investigating the crime, and allowing him to testify about the witness's statement was error. We would reverse Middlebrooks's conviction, however, only if he was harmed by the trial court's erroneous evidentiary ruling. Id. In this regard, nothing in the officer's testimony directly inculpated Middlebrooks. Therefore, we find it more than highly probable that its admission did not contribute to the verdict and thus was harmless error. *Teague v. State*, 252 Ga. 534, 537 (2) (314 SE2d 910) (1984).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 19, 2000.

*Lloyd J. Matthews*, for appellant.
*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney*, for appellee.